Ernest EMERSON, Quay Wood, Brian McRae, Glenn Zoch and Lewis di Donato, Appellants,

v.

H. Scott BORLAND, Appellee.

No. 3–92–237–CV.

Court of Appeals of Texas, Austin.

Oct. 14, 1992.

Dan Morales, Atty. Gen., Toni Hunter, Asst. Atty. Gen., Austin, for appellants.

Scott Ozmun, Whitehurst, Harkness & Watson, Austin, for appellee.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

B.A. SMITH, Justice.

This is a suit for damages against five employees of the State Fire Marshall's Of-

fice arising out of the arrest of Scott Borland by the Trinity County Sheriff's Department in January 1986. Appellants, the employees, moved for summary judgment based on theories of quasi-judicial immunity to Borland's state-law claims and federal qualified immunity to Borland's federal claims. The trial court denied the motion for summary judgment. Appellants come before this Court pursuant to section 51.014(5) of the Texas Civil Practice and Remedies Code, which permits appeal from an interlocutory order of a district court that denies a motion for summary judgment based on an assertion of immunity by an officer or employee of the state. Tex.Civ. Prac. & Rem.Code Ann. § 51.014(5) (West Supp.1992).

The Legislature amended section 51.014 in 1989 to permit appeal from an interlocutory order denying summary judgment based on an assertion of immunity. Section 2 of the 1989 amendatory act provides: "This Act applies only to suits *first filed* on or after the effective date of this Act." Act of June 14, 1989, 71st Leg., R.S., ch. 915, § 2, 1989 Tex.Gen.Laws 3946, 3947 (emphasis added). The effective date of the amendment was June 14, 1989. This suit was first filed on January 26, 1988, nearly 18 months before the effective date of section 51.014(5). Consequently, section 51.014(5) does not apply to this suit. We have no jurisdiction over an appeal from a trial court's interlocutory ruling unless such order is specifically made appealable by statute. *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985). Since section 51.014(5) is appellants' sole basis for invoking this Court's jurisdiction and it is inapplicable, we dismiss the appeal for want of jurisdiction.