**H & C COMMUNICATIONS, INC. d/b/a KSAT–TV; Marilyn Moritz; and Tony Fama, Appellants,**

**v.**

**REED'S FOOD INTERNATIONAL, INC. d/b/a Gini's Home Cooking & Bakery, Appellee.**

**No. 04–94–00306–CV.**

Court of Appeals of Texas, San Antonio.

Oct. 5, 1994.

Rehearing Denied Nov. 17, 1994.

---

Howard P. Newton, Roberta J. Sharp, Judith R. Blakeway, Matthews & Branscomb, San Antonio, for appellants.

Richard H. Ihfe, Teresa J. Waldrop, Ihfe & Associates, P.C., San Antonio, for appellee.

Before BUTTS, LOPEZ and HARDBERGER, JJ.

## OPINION

HARDBERGER, Justice.

The appellants in this case are H & C Communications, Inc. (better known as KSAT–12) and two of its newscast employees. The appellants seek an interlocutory appeal of the order denying their motion for summary judgment, which was based in part upon state and federal free press and free speech rights.

■ Unless a statute authorizes an interlocutory appeal, this court only has jurisdiction over final judgments. *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985). The appellants base their claim we have jurisdiction upon TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(6) (Vernon Supp.1994). Section 51.014(6) provides for interlocutory review of an order that "denies a motion for summary judgment that is based in whole or in part upon a claim against or defense by" specified persons, including members of the electronic and print media, based on certain state and federal free speech rights. The appellees filed the underlying lawsuit for defamation on September 29, 1992, nearly a year before the effective date of the legislation enacting 51.014(6). On April 7, 1994, after the effective date of the act, the appellants filed their motion for summary judgment. On May 6, 1994, the trial court signed the order denying summary judgment. Examining Section 3 of the enacting legislation, we conclude that section 51.014(6) of the Texas Civil Practice and Remedies Code does not apply to interlocutory orders in cases filed before September 1, 1993. Accordingly, we dismiss for want of jurisdiction.

## THE ISSUE

The controversy over whether section 51.014(6) applies requires interpretation of section 3 of the enacting legislation, which states:

(a) This Act takes effect September 1, 1993.

(b) This Act shall not apply to any matters in litigation prior to the effective date of this Act.

(c) This Act applies only to the appeal of an interlocutory order from a court if the order was rendered on or after the effective date of this act. An interlocutory order rendered before the effective date of this Act is governed by the law in effect at the time the order was rendered, and that law is continued in effect for that purpose.

TEX.CIV.PRAC. & REM.CODE ANN. § 51.014, historical note (Vernon Supp.1994) [Act of May 25, 1993, 73rd Leg., R.S., ch. 855, § 3, 1993 Tex.Gen.Laws 3365, 3366]. The appellees contend that subsection (b) above makes section 51.014(6) inapplicable because the case was in litigation before September 1, 1993. The appellants acknowledge that the plaintiffs filed this suit before the effective date of the act. Nevertheless, they contend that subsection (b) does not apply. Instead, they contend, subsection (c) makes 51.014 applicable to their case.

## CODE CONSTRUCTION ACT

The following statutory standards apply:

(1) Words and phrases shall be read in context and construed according to the rules of grammar and common usage. TEX.GOV'T CODE ANN. § 311.011(a) (Vernon 1988).

(2) It is presumed that when the legislature enacts a statute, it intends the entire statute to be effective. TEX.GOV'T CODE ANN. § 311.021(2) (Vernon 1988).

(3) A statute is presumed to be prospective in its operation unless expressly made retrospective. TEX.GOV'T CODE ANN. § 311.022 (Vernon 1988).

(4) In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the object sought to be attained, the circumstances under which the statute was enacted, the legislative history, former statutory provisions (including laws on the same or similar subjects), and the consequences of a particular construction. TEX. GOV'T CODE ANN. § 311.023 (Vernon 1988).

(5) If amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each. If the amendments are irreconcilable, the latest in date of enactment prevails. TEX.GOV'T CODE ANN. § 311.025 (Vernon 1988).

(6) If a general provision conflicts with a special provision, the provision will be construed, if possible, so that effect is given to both. If the conflict between the general provision and the special provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail. TEX. GOV'T CODE ANN. § 311.026 (Vernon 1988).

## ANALYSIS

Since section 3, subsection (b) of the amending act makes 51.014(6) inapplicable to matters in litigation before September 1, 1993, and this case was in litigation before that date, the appellants argue that (b) does not apply to their case. The appellants' contention that we should not give subsection (b) effect is contrary to the presumption that when the legislature enacts a statute, it intends the entire statute to be effective. TEX. GOV'T CODE ANN. § 311.021 (Vernon 1988). The appellants primarily argue that (b) and (c) conflict. Subsections (b) and (c) can be harmonized, and we clearly should not create a conflict where there is none. *See, e.g., Classen v. Irving Health Care Sys.*, 868 S.W.2d 815, 819–20 (Tex.App.—Dallas 1993, writ requested).

A fundamental premise of all the appellants' arguments is that (c) makes 51.014(6) applicable to their case. They claim the first sentence in (c) says the act applies to the appeal of orders rendered on or after the effective date. The first sen-

tence in (c) admittedly is not a model of clarity. Nevertheless, the appellants' interpretation is incorrect. Without (c), the act already applied prospectively to all interlocutory orders otherwise within its scope. TEX. GOV'T CODE ANN. § 311.022 (Vernon 1988); *e.g. Employers Cas. Co. v. Texas Att'y General,* 878 S.W.2d 285, 288 (Tex.App.—Corpus Christi 1994, n.w.h.). The word "only" is a word of exclusion. The interpretation the appellants advocate would give no meaning to the word "only," making the sentence say the same thing with or without the word. *See* TEX.GOV'T CODE ANN. § 311.011(a) (Vernon 1988) (rules of grammar and common usage apply). We must give effect to every word of a statute and, if possible, not treat any statutory language as surplusage. *Chevron Corp. v. Redmon,* 745 S.W.2d 314, 316 (Tex.1987). The appellants' interpretation would also create an unnecessary conflict between (b) and (c). In context, and according to common usage, the more reasonable interpretation is that the act "applies *only* if the order is rendered on or after the effective date," and not "applies if the order is rendered on or after the effective date."

Because the appellants contend (c) applies 51.014(6) to all orders rendered after the effective date, they argue that (b) and (c) conflict when the case was filed before the effective date, but the order was rendered after the effective date. Therefore, they reason, (c) is more specific than (b), and so (c) must constitute an exception to (b). *See City of Dallas v. Mitchell,* 870 S.W.2d 21, 22–23 (Tex.1994) (special provision controls as an exception to conflicting general provision).

By saying the act "applies only" to certain orders and explaining what law applies to that group of excluded orders, subsection (c) does not conflict with (b)'s exclusion of additional orders.[1] Further, the appellants' argument that (c) is more specific because it addresses "orders," and (b) addresses "matters in litigation" is unconvincing. The entire act specifically addresses interlocutory orders, and nothing else. Subsection (b) applies just as specifically as (c) to interlocutory orders, but in a broader range of cases.

In addition, the amending act and the amendment to it were enacted together during the same legislative session. They do not expressly refer to each other, but they must be harmonized if possible. *See* TEX. GOV'T CODE ANN. § 311.025 (Vernon 1988); *Williams v. State,* 670 S.W.2d 717, 721 (Tex. App.—San Antonio 1984) (applying the Code Construction Act and harmonizing two provisions enacted in the same senate bill), *aff'd,* 707 S.W.2d 40 (Tex.Crim.App.1986) (also applying the Code Construction Act). Subsection (b) shows the manifest intent to make the act categorically inapplicable to *any* matter in litigation before the effective date of the act. Subsections (b) and (c) would first have to be irreconcilable before one of them would take precedence under TEX.GOV'T CODE ANN. § 311.026 (Vernon 1988). Moreover, subsection (b) would take precedence as the later addition to the amendment if some portion of the statute had to be declared ineffective. *Id.; Clark v. Young,* 787 S.W.2d 166, 169 (Tex.App.—Fort Worth 1990, writ denied).

The appellants suggest two means of harmonizing subsections (b) and (c) without applying (b) to their case. One suggestion is that (b) applies only to the part of the act addressing interlocutory writs of error to the Supreme Court. Subsection (b), however, expressly addresses the entire amending act. The legislature could have limited (b) to writs of error, but did not.

The appellants suggest we limit (b) to specific matters that arose in litigation before the effective date of the amending act—here, the summary judgment motion and proceeding. They reason that this, too, would avoid conflict between (b) and (c). Premised on the argument we rejected that (c) makes the act applicable to all orders after its effective date, the appellants conclude that this would make 51.014(6) apply to give us jurisdiction over their case.

The appellants' suggestion that the word "matter" in subsection (b) refers to a specific, actively contested motion or claim is contrary to the import of the phrase "mat-

---

1. The appellants' argument that "applies only" means "applies" is akin to concluding from a statement that "only lawyers are federal judges" that "all lawyers are federal judges."

ters in litigation." [2] This phrase includes the entire substance of the lawsuit, not merely the part of the litigation the parties have actively contested.[3] The legislature could have used the phrase "matters *raised* in litigation prior to the effective date" if they had wished, but we must assume they omitted the word "raised" or similar language because it was not what they intended. *See Kerrville HRH, Inc. v. City of Kerrville*, 803 S.W.2d 377, 382 (Tex.App.—San Antonio 1990, writ denied). Only when it is necessary to give effect to the clear legislative intent can we insert additional words into a statutory provision. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex.1981).

The appellants argue that if "matters in litigation" in subsection (b) makes 51.014(6) inapplicable to all orders in *cases filed* before the effective date, then subsection (b) renders subsection (c) meaningless. The appellants reason that the first sentence in (c) excludes orders rendered before the effective date of the act from application of the act. If a case is not filed before the effective date, an order cannot be rendered before that date.

However, this only means that the first sentence of (c), stating that the act only applies to orders rendered on or after the effective date, necessarily follows from (b). The first sentence of (c) also necessarily follows from the second sentence of (c). If prior law applies to orders rendered before the effective date, the amendment cannot apply to those orders.

The logical consistency of the first sentence in (c) with the other parts of section 3 do not render any of the statements meaningless. If anything, the logical consistency indicates the subsections are in harmony. Expressly stating in one subsection the relevant proposition that follows from another provision often improves clarity and context. Both before and after the legislature added subsection (b) to the act, the first sentence of subsection (c) had a clear function. In context with the second sentence, it expressly defined a clear line beyond which the prior law effective at the time of the order would apply. Thus, our interpretation of (b) does not render (c) meaningless.[4]

---

**2.** Webster's New World Dictionary (2d College Ed.) defines "litigation" as "the act or process of carrying on a lawsuit," or simply "a lawsuit." Black's Law Dictionary defines "litigation" as "A lawsuit. Legal action, including all proceedings therein. *Contest in a court of law for the purpose of enforcing a right or seeking a remedy.* A judicial contest, a judicial controversy, a suit at law." BLACK'S LAW DICTIONARY (5th Ed.1979). Thus, the plain meaning and the technical meaning of "litigation" indicate a lawsuit. The definition of "matter" in Black's Law Dictionary is "Substantial facts forming the basis of a claim or defense; facts material to issue; substance as distinguished from form; transaction, event, occurrence; subject-matter of controversy." BLACK'S LAW DICTIONARY (5th Ed.1979).

**3.** An earlier amendment to section 51.014 was inapplicable to "suits first filed" before the effective date of the amendments. *See Emerson v. Borland*, 838 S.W.2d 951, 952 (Tex.App.—Austin 1992, no writ). The appellants argue that if the legislature did not want 51.014(6) to apply to "suits first filed" before the effective date of the act, they knew how to say so. We agree. Unfortunately, the legislature knew more than one way to say so. This time they used the words "matters in litigation."

If there were any doubt about what the legislature meant by this phrase "matters in litigation,"

the legislative history indicates that subsection (b) was introduced to the Texas Senate as an amendment that "would prevent the application of the bill to any pending case." *See Redmon*, 745 S.W.2d at 317–318 (referring to legislative history to determine meaning of undefined language). We agree with the appellants' oral argument that we must interpret the bill as actually passed, and not as it should have been passed. We conclude, however, that in the bill the legislature actually passed, the phrase "matters in litigation" was simply another way of saying "suits filed" or "pending litigation." *See* TEX.GOV'T CODE ANN. § 311.023 (Vernon 1988).

**4.** Before the legislature added (b), subsection (c) also made the amendment inapplicable to cases in which the orders occurred before the effective date of the act. The express statement in (c) made the law in effect at the time the order was rendered apply to those orders.

Subsection (b) expanded the class of cases to which the amendment did not apply without expressly stating what law applies to them. We must therefore assume the act takes effect prospectively, and that the law effective up until the act took effect will apply to those orders not specifically addressed in subsection (c). TEX. GOV'T CODE ANN. § 311.022 (Vernon 1988). The law just before the act took effect might differ from the law at the time orders addressed in (c) were rendered.

In context, the entire statute, including both subsections (b) and (c), applies specifically to interlocutory appeals of "orders." Subsection (c), read in context with subsections (b) and (a), explains that, for orders rendered before the act is effective, the law in effect at the time of the order applies. The addition of subsection (b) unequivocally made the act inapplicable to an additional class of orders: Those rendered after the effective date of the act in cases that were already pending when the act became effective. The denial of summary judgment in the present case is one of those orders. Accordingly, we dismiss for lack of subject matter jurisdiction.