TAL487.opn 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00487-CV







Otis Don Talbert, Appellant




v.




James Riley, James Collins, M. W. Countz, R. P. Pustka,


R. L. Ott and John Carruthers, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 94-03776, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







PER CURIAM



 Otis Don Talbert, an inmate in the Texas Department of Criminal Justice
Institutional Division [TDCJ-ID], Estelle II Unit, appeals the dismissal of his Petition for Writ of
Injunction pro se and in forma pauperis pursuant to the Tex. Civ. Prac. & Rem. Code Ann. §
106.001, et. seq. and the Texas Constitution. This Court has concluded that no final judgment
exists in this cause; therefore we will dismiss the appeal for want of jurisdiction. See North E.
Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966); Tex. Civ. Prac. & Rem. Code
Ann. § 51.012 (West 1986); Tex. R. App. P. 60(a)(2).

 Talbert filed his petition against the warden and several employees of the state
prison. The petition asserted several causes of action under Texas Civil Practice & Remedies
Code §§ 106.001-106.003 alleging discrimination on the basis of race. On October 14, 1994, the
State answered and filed a motion to dismiss Talbert's claims as frivolous under Tex. Civ. Prac.
& Rem. Code Ann. § 13.001 (West Supp. 1994). The court signed an order specifically granting
the State's motion on June 29, 1995. From that order, Talbert perfected his appeal. 

 The order dismissing Talbert's causes of action would seem final, were it not for
the pro se motion to intervene which was filed by inmate Leon Lavern Kendrick on May 25,
1995. See Tex. R. Civ. P. 60. Prior to the court's ruling on the motion to dismiss, the State filed
a motion to strike Kendrick's intervention. The State failed to request a ruling on its motion and
the court made no ruling. By failing to request a ruling on its motion to strike, the State permitted
Kendrick to successfully intervene in the underlying cause. Once a party to the suit, Kendrick's
claims must be disposed of before the order of the court will be final and appealable. See Tex.
Civ. Prac. & Rem. Code Ann. § 51.012 (West 1986); Cameron County v. Alvarado, 900 S.W.2d
874, 878 (Tex. App.--Corpus Christi 1995, no writ h.) (appeals are allowed only from final orders
or judgments). 

 As a general rule, unless otherwise provided by rule or statute, an order, judgment,
or decree, whether at law or in equity, must possess the essential characteristic of finality before
an appeal or writ of error will lie from it. Cherokee Water Co. v. Ross, 698 S.W.2d 363, 365
(Tex. 1985); H & C Communications, Inc. v. Reed's Food Intern., Inc., 887 S.W.2d 475, 476
(Tex. App.--San Antonio 1994, no writ); White v. Baker & Botts, 833 S.W.2d 327, 330 (Tex.
App.--Houston [1st Dist.] 1992, no writ); Pelt v. State Bd. of Ins., 802 S.W.2d 822, 826 (Tex.
App.--Austin 1991, no writ). To be appealable, a judgment must constitute an adjudication of a
controversy or issue that is final in the sense that it will become conclusive at the end of the term
unless set aside in some proceeding of a revisory or appellate character. Moreover, to be final,
a judgment must dispose of all issues and parties in a case, so far as the court has power to do so. 
Shahbaz v. Feizy Import & Export Co., 827 S.W.2d 63, 64 (Tex. App.--Houston [1st Dist.] 1992,
no writ).

 In determining whether a judgment disposes of the whole of the matter in
controversy as to all the parties, the court will consider the pleadings placing the matters in
controversy between the parties, and the operation of the judgment on the objects sought to be
attained by the proceeding. See Ferguson v. Ferguson, 338 S.W.2d 945, 947 (Tex. 1960), on
remand, 342 S.W.2d 13 (Tex. Civ. App.--Fort Worth 1960, writ ref'd n.r.e.). A judgment which
fails to dispose of all issues between original parties, or between original party and intervenor,
is not appealable. Kimmel v. Lytton, 371 S.W.2d 927 (Tex. Civ. App.--Waco 1963, writ ref'd).

 In the instant case, the order of the trial court fails to dispose of Kendrick and the
causes that he alleges. Moreover, the court's order does not contain a "Mother Hubbard" clause. 
Cf. Mafrige v. Ross, 866 S.W.2d 590, 592 (Tex. 1993) (otherwise unappealable order made final
by addition of "Mother Hubbard" clause or equivalent). Ordinarily, an appellate court presumes
that a judgment is meant to be final after a conventional trial on the merits, but no such
presumption exists in favor of a judgment or order resulting from another type of hearing. See
Northeast Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). Accordingly, no
appeal lies from the order dismissing appellant's cause of action but failing to dispose of all parties
and issues before the trial court. We conclude that this Court is without jurisdiction to consider
this cause. 

 The appeal is dismissed for want of jurisdiction.



Before Justices Powers, Jones and B. A. Smith

Appeal Dismissed for Want of Jurisdiction

Filed: June 26, 1996

Do Not Publish