Opinion issued October 7, 2004












 


In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-04-00848-CR
          01-04-00849-CR
          01-04-00850-CR
____________

JAMES HENRY ADUDDLE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause Nos. 36,729, 36,730, and 36,731



 
MEMORANDUM OPINION
               Appellant, James Henry Aduddle, filed a pro se motion in the trial court for
leave to file post-conviction petitions for writ of habeas corpus in excess of the page
limit in the above-referenced cause numbers.


 The trial court denied the motion on
July 22, 2004. On July 30, 2004, appellant filed pro se notices of appeal.
               We hold that we are without jurisdiction over these appeals. Former
presiding judge of the Court of Criminal Appeals, John F. Onion, Jr., sitting by
assignment, stated the rule well in Ex parte Shumake, 953 S.W.2d 842 (Tex.
App.—Austin 1997, no pet.), as follows:
Generally, we have jurisdiction in criminal cases only where there
has been a judgment of conviction. See McKown v. State, 915
S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (citing 
Workman v. State, 170 Tex. Crim. 621, 343 S.W.2d 446, 447
(1961)). A court of appeals does not have jurisdiction to review
interlocutory orders unless that jurisdiction has been expressly
granted by statute. See Ex parte Apolinar, 820 S.W.2d 792, 794
(Tex. Crim. App. 1991); Emerson v. Borland, 838 S.W.2d 951,
952 (Tex. App.—Austin 1992, no writ).

Id., at 844 (Onion, J.) (Retired). We know of no statute granting this Court
jurisdiction over an appeal from an order denying a request to exceed the page limit
in a writ petition.
               Therefore, we dismiss these appeals for lack of jurisdiction.
PER CURIAM
Panel consists of Justices Taft, Jennings, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).