Opinion issued July 26, 2007


 










In The

Court of Appeals

For The

First District of Texas






NO. 01-04-00538-CV






HOUSTON INDEPENDENT SCHOOL DISTRICT, CITY OF HOUSTON,
HARRIS COUNTY, HARRIS COUNTY EDUCATION DEPARTMENT,
PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, HARRIS
COUNTY FLOOD CONTROL DISTRICT, HARRIS COUNTY HOSPITAL
DISTRICT, AND HOUSTON COMMUNITY COLLEGE SYSTEM,
Appellants


V.


OLD FARMS OWNERS ASSOCIATION, INC., WESTHEIMER OLD
FARMS I, LTD., SUSAN C. LEE, TRUSTEE OF THE TRUST CREATED
UNDER ARTICLE IV OF THE WILL OF KATHERINE P. BARNHART,
DECEASED, AND DAVID NGUYEN INDIVIDUALLY AND D/B/A DAVID
NGUYEN CONSTRUCTION, Appellees






On Appeal from the 270th District Court

Harris County, Texas

Trial Court Cause No. 2002-15418






DISSENTING OPINION


 I respectfully dissent because I believe the majority's opinion erroneously
undoes the savings clause in amended section 33.04 of the Tax Code and invites tax
collection suits for old delinquent taxes that are uncollectible under the savings
clause. 

 As the majority states, in this ad valorem tax case, the appellant taxing
authorities, which include Harris County and other taxing units, (1) challenged the trial
court's decision that the taxing units are not entitled to penalties and interest for
delinquent taxes owed for tax year 1997 on real property. It is undisputed that the
taxing units had in their files the correct address of the taxpayer, Ronald E. Lee, the
trustee of appellee, the Trust Created under Article IV of the Will of Katherine P.
Barnhart ("the Trust"), which owned approximately 4.3 acres of property in Houston. 
It is also undisputed, that from 1993 until 1996, Lee received tax statements for the
property at that address and that the Article IV Trust paid the taxes on the property
for those years. Nevertheless, when a portion of the land was sold in 1997,
HCAD--not appellees--listed Lee's address, incorrectly, as 4550 Post Oak Place,
Suite 123 in Houston--an address that was out-of-date by 11 years. This was a
unilateral mistake by HCAD; neither the Trust nor Lee sent a change of address form
to the taxing units or otherwise requested a change in their mailing of record. 

 HCAD then provided the incorrect address to the Harris County tax collector's
office for use in mailing out tax notices on the property for the taxing units, which
had previously been taxing the property at the correct address. As a result, the 1997
tax bill for the property was mailed by the Harris County tax collector to Lee at the
incorrect 4550 Post Oak Place address. Lee did not receive the 1997 tax bill, and it
was returned to the Harris County tax office as "undeliverable." The Trust did not
pay the 1997 taxes on the property. In 1999, the taxing units corrected their records
to reflect the Trust's correct address, but there is no evidence that any of the
delinquent tax statements were ever mailed to the Trust.

 Following trial, the tax master found that the trustee did not receive tax
statements in 1997, 1998, 1999, 2000, and 2001 and that the Trust never received the
five-year section 33.04(b) notice for the 1997 delinquent taxes in 2000. These
findings and the 1985 version of section 33.04 of the Tax Code were the basis for the
tax master's recommendation that judgment be entered that the taxing units had
waived penalties and interest for the 1997 delinquent tax year. The tax master based
that recommendation on this Court's holding in Aldine Independent School District
v. Ogg, 122 S.W.3d 257, 268 (Tex. App.--Houston [1st Dist.] 2003, no pet.) (holding
that "[w]hen a fiduciary is appointed by a tax-payer under section 1.11 [of the Tax
Code], (2) the taxing unit must deliver all notices and tax bills to the fiduciary"). The
judgment entered by the trial court in accordance with the tax master's
recommendation is the subject of this appeal.

 The 1985 version of section 33.04 of the Tax Code, in effect in 1997 and still
in effect on December 30, 1999, when the taxing units sued the Trust for taxes,
penalties, and interest, provided in relevant part:

Notice of Delinquency. (a) At least once each year the collector for a
taxing unit shall deliver a notice of delinquency to each person whose
name appears on the current delinquent tax roll. However, the notice
need not be delivered if:


 (1) a bill for the tax was not mailed pursuant to the authorization
provided by Section 31.01(f) of this code; or


 (2) the collector does not know and by exercising reasonable
diligence cannot determine the delinquent taxpayer's name and
address.


 (b) In addition to the notice required by Subsection (a) of this
section, the tax collector for each taxing unit in each year
divisible by five shall deliver by mail a written notice of
delinquency to each person who owes a tax that has been
delinquent more than one year and whose name and mailing
address are known to the collector or can be determined by the
exercise of reasonable diligence. . . .


 (c) Penalties and interest on a tax delinquent more than five years
or a multiple of five years are cancelled and may not be collected
if the collector has not delivered the notice required by
Subsection (b) of this section in each year that is divisible by five
following the date on which the tax became delinquent for one
year.


Act of May 26, 1985, 69th Leg., R.S., ch. 761, § 1, sec. 33.40, 1985 Tex. Gen. Laws
2600, 2601 (quoted at Ogg, 122 S.W.3d at 262-63) (emphasis added). The 1985
version of the statute became effective August 26, 1985. See Ogg, 122 S.W.3d at
263. 

 Section 33.04 was amended in 1999, effective January 1, 2000. (3) See Act of
May 30, 1999, 76th Leg., R.S., ch. 1481, § 16, sec. 33.04, 1999 Tex. Gen. Laws 5097,
5101, 5114; Ogg, 122 S.W.3d at 263. However, because the taxing units sued the
Trust for delinquent taxes on December 30, 1999, the 1985 version of section 33.04,
and not the 1999 version, applied to the taxing units' 1999 collection suit against the
Trust. Moreover, the 1985 version would still have applied had the taxing units sued
the trust two days later, i.e., on or after January 1, 2000, under the savings clause in
the 1999 Act. See Act of May 30, 1999, 76th Leg., R.S., ch. 1481, § 45, 1999 Tex.
Gen. Laws 5097, 5114; see also Ogg, 122 S.W.3d at 263. 

 The taxing authorities dismissed the collection suit they had filed against the
Trust in 1999 for delinquent 1997 taxes. Then, in 2002, after the effective September
1, 2002 date of the current version of section 34.001, the taxing authorities refiled
their suit. Applying the 1985 Act, the tax master found that the taxing units were not
entitled to collect penalties and interest on the Trust's 1997 delinquent taxes, and the
trial court affirmed that finding. 

 I agree with the tax master and the trial court that penalties and interest are not
collectable on the Trust's 1997 taxes under the plain language of the 1985 version of
section 33.04 because there is no evidence in the record that either notice of the 1997
taxes or the five-year notice of delinquency of those taxes deliverable in 2000 was
ever delivered to the Trust, the taxpayer, even though the taxing units had the correct
address for the trustee, Lee, in their files and because the failure to send the required
notices to the trustee's correct address was entirely due to the taxing units' own
unilateral mistakes. Because the taxing units did not deliver the notice required by
subsection (b) of the 1985 version of section 33.04 to the trustee, whose name and
correct address were known to the taxing units, penalties and interest on the Trust's
1997 taxes were cancelled pursuant to section (c) of the 1985 version of section 33.04
and could not be collected. (4) See Act of May 26, 1985, 69th Leg., R.S., ch. 761, § 1,
sec. 33.40, 1985 Tex. Gen. Laws 2600, 2601; Ogg, 122 S.W.3d at 268 (citing section
1.11 of the Tax Code and holding that taxing unit must deliver all notices and tax
bills to fiduciary appointed by taxpayer upon request by taxpayer and that request for
delivery to fiduciary remains in effect until revoked by taxpayer).

 The majority, however, does not apply the 1985 version of section 33.04 that
governed the December 30, 1999 collection suit against the Trust. Nor does it apply
the 1999 version of section 33.04 as it existed in 2001, immediately prior to the
effective date of the 2001 amendments. Rather, relying upon excerpts from the
amendatory language to the 2001 Act, the majority accepts the taxing units' argument
that the current version of section 33.04 governs this suit--which was refiled in
2002, after the September 1, 2002 effective date of the current version of section
33.04--and that the current statute permits them to collect penalties and interest on
the Trust's 1997 taxes because, under the current statute, penalties and interest on
delinquent taxes are not excused by a taxing unit's failure to send a five-year
delinquency notice. (5) See Tex. Tax Code Ann. § 33.04 (Vernon 2001). The majority
holds, therefore, that the taxing units may collect penalties and interest on the Trust's
1997 delinquent taxes. 

 In deciding that the 2001 version of section 33.04 governs, the majority relies
on its construction of the 2001 Act amending section 33.04, which states, in section
40, "Section 33.04, Tax Code, as amended by this Act, does not apply to taxes subject
to a delinquent tax suit pending before the effective date of this Act." Act of May 17,
2001, 77th Leg., R.S., ch. 1430, § 40, 2001 Tex. Gen. Laws 5109, 5122 (emphasis
added). That sentence is followed immediately by the statement, "Section 33.04, Tax
Code, as amended by this Act, applies to all other taxes that became delinquent before
the effective date of this Act or that become delinquent on or after that date." Id. 

 The majority overlooks, however, the rest of the paragraph in which the
foregoing language is found, which states: "A delinquent tax that is the subject of a
collection suit filed before the effective date of this Act is governed by Section 33.04,
Tax Code, as that section existed immediately before the effective date of this Act, and
the former law is continued in effect for that purpose." Act of May 17, 2001, 77th
Leg., R.S., ch. 1430, § 40, 2001 Tex. Gen. Laws 5109, 5122 (emphasis added). This
sentence--which contains no qualifier that the collection suit still be pending as of
the effective date of the 2001 amendments--follows the language relied on by the
majority as grounds for applying the 2001 version of section 33.04 and is clearly not
intended to be superfluous. Rather, it is a savings clause, and it can only be
reasonably interpreted as exempting from collection penalties and interest on
delinquent taxes that became due before September 1, 2001 that were the subject of
any collection suit filed before September 1, 2001, regardless of whether that suit was
prosecuted to completion, dismissed, or pending on September 1, 2001. The savings
clause expressly states that the previous law is continued in effect for that
purpose--not just to exempt from collection delinquent taxes that were the subject
of a suit pending on September 1, 2001. 

 The reason for the broad language in the savings clause in the 2001 Act that
amended section 34.001 is clear: the clause was intended to prevent taxing authorities
from fashioning an end-run around the preclusions to collection in the prior law by
non-suiting suits it had filed prior to the September 1, 2001 effective date of the
amendments and then (as here) resurrecting those suits under the new law and
collecting the previously non-collectable interest and penalties. The savings clause
cannot be reasonably read to bar the prosecution only of suits taxing authorities had
prosecuted to completion under prior law because these suits were already barred by
the law of res judicata. Indeed, to interpret the savings clause as having any purpose
other than to prevent suits, like the present one, that resurrect claims to penalties and
interest not collectable under prior law renders the savings clause null. 

 The rules of statutory construction provided by the Texas Legislature for the
guidance of courts require that every statement in the application clause of a statute
be given effect and that the result be just and reasonable. See Tex. Gov't Code
Ann. § 311.021(2), (3) (Vernon 2005) (stating that "the entire statute is intended to
be effective"; "a just and reasonable result is intended"). Moreover, just as it is
presumed that an entire statute is intended to be effective, so it should be presumed
that an entire legislative act is intended to be effective. HCAD v. Dincans, 882
S.W.2d 75, 77 (Tex. App.--Houston [14th Dist.] 1994, no writ); Allegheny Mut. Cas.
v. State, 710 S.W.2d 139, 141 (Tex. App.--Houston [14th Dist.] 1986, writ ref'd)
(same). In construing a statute, whether it is considered ambiguous or not, the court
may consider among other matters the "consequences of a particular construction." 
Tex. Gov't Code Ann. § 311.023(5); H & C Commc'ns v. Reed's Food Int'l, Inc.,
887 S.W.2d 475, 477 (Tex. App.--San Antonio 1994, no writ). 

 Amendments to the same statute enacted at the same session of the legislature
must also be harmonized, if possible, so that effect may be given to each, and the
provisions in a statute must be harmonized such that if a general provision appears
to conflict with a special provision, "the provisions shall be construed, if possible, so
that effect is given to both." Tex. Gov't Code Ann. §§ 311.025(b), 311.026. In this
regard, the Texas Supreme Court has repeatedly held that "we 'give effect to all the
words of a statute and [do] not treat any statutory language as surplusage[,] if
possible.'" Spradlin v. Jim Walter Homes, Inc., 34 S.W.3d 578, 580 (Tex. 2000)
(quoting Chevron Corp. v. Redmon, 745 S.W.2d 314, 316 (Tex. 1987)). The court
should not construe statutory language "in a way that renders it idle or inoperative";
it cannot presume that the legislature intended "a blatant redundancy." Spradlin, 34
S.W.3d at 580; Hanson v. Jordan, 145 Tex. 320, 198 S.W. 262, 263 (1946)). 
Statutory provisions must be irreconcilable before one will take precedence over the
other. H & C Commc'ns, 887 S.W.2d at 478. Nor may a court insert additional
words into a statutory provision unless it is necessary to give effect to clear legislative
intent. Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 540 (Tex. 1981); H &
C Commc'ns, 887 S.W.2d at 478. Finally, "[a] statute is presumed to be prospective
in its operation unless expressly made retrospective." Tex. Gov't Code Ann.
§ 311.022 (Vernon 2005). 

 Here, section 33.04 as amended--effective September 1, 2001--is expressly
made retrospective only for collection suits for penalties and interest that were not the
subject of collection suits filed before September 1, 2001; penalties and interest
sought in suits filed under the old law are expressly saved from collection by the
savings clause to the 2001 Act.

 By reading into the savings clause of the 2001 amending Act the requirement
that a suit be pending as of September 1, 2001 in order for the savings clause to
apply, the majority reads restrictive language into the clause that is not there and that
makes the actual savings clause redundant, in violation of the rules of statutory
construction, which require that every statement in a statute--and, by extension,
every statement in the application clause of a statute--be given effect, that none be
added unless absolutely necessary, and that the provisions in a statute be harmonized. 

 Even more critically, the majority fails to take into account the consequences
of its construction of the savings clause to the 2001 amendments. Specifically, its
construction of the 2001 amending Act as saving from prosecution only those
collection suits that were pending on September 1, 2001 eviscerates the savings
clause by effectively inviting the taxing units to refile--or to continue the prosecution
of--all the collection suits for taxes and penalties it dismissed prior to September 1,
2001 because they were uncollectible under the prior law. In other words, the opinion
invites the end-run around the prohibitions against suits for the collection of penalties
and interests on delinquent taxes uncollectible under prior law that the savings clause
to the current version of section 34.001 is designed to preclude.

 Because the taxing units filed suit in 1999 against the Trust to collect penalties
and interest on the Trust's delinquent 1997 taxes, I would hold that their 2002 suit for
penalties and interest on the same 1997 taxes is barred by the plain language of the
savings clause to the 2001 amendments to section 33.04 of the Tax Code. I would
further hold that the tax master correctly construed and applied the law set out in prior
section 33.04 of the Tax Code and the savings clause in the 2001 Act, which amended
section 33.04, and that the trial court correctly entered judgment on the tax master's
recommendation that appellants are not entitled to collect penalties and interest on
appellees' 1997 taxes.






 Conclusion


 I would affirm the judgment of the trial court.



 Evelyn V. Keyes

 Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.


Justice Keyes, dissenting.


1. The other taxing units are Houston Independent School District, the City of Houston,
Harris County Education Department, Port of Houston Authority of Harris County,
Harris County Flood Control District, Harris County Hospital District, and Houston
Community College System. It appears that the Harris County Tax Collector-Assessor collects taxes for the taxing units in this case.
2. Section 1.11, in effect since 1981, provides:


 (a) On the written request of a property owner, an appraisal office or an
assessor or collector shall deliver all notices, tax bills, and other
communications relating to the owner's property or taxes to the owner's
fiduciary.


 (b) A request pursuant to this section remains in effect until revoked by
the owner.


Tex. Tax Code Ann. § 1.11 (Vernon 2001); see also Aldine Indep. Sch. Dist. v. Ogg, 122
S.W.3d 257, 268 (Tex. App.--Houston [1st Dist.] 2003, no pet.).
3. The amended version applied only to section 33.04(b) notices given in and after 2000,
so that notices required to be given under the section in 1997 were governed by the
1985 version of section 33.04. See Act of May 30, 1999, 76th Leg., R.S., ch. 1481,
§ 45, 1999 Tex. Gen. Laws 5097, 5114; Ogg, 122 S.W.3d at 263. As amended
effective January 1, 2000, section 33.04 provided:

 NOTICE OF DELINQUENCY. (a) At least once each year the collector for
a taxing unit shall deliver a notice of delinquency to each person whose name
appears on the current delinquent tax roll. . . . 


 (b) In addition to the notice required by Subsection (a), the collector for each
taxing unit in each year divisible by five shall deliver by mail a written notice
of delinquency to:


 (1) each person whose name and mailing address are listed on the most
recent certified appraisal roll, if the taxes on the property of that person are
shown on the collector's records as having been delinquent more than one
year; . . .


 . . . .


 (d) In a suit brought against a person entitled to receive notice under
Subsection (b) for the collection of penalties and interest on a tax delinquent
more than five years or a multiple of five years, it is an affirmative defense
available to the person that the collector did not deliver the notice required by
Subsection (b).


 . . . .


 (f) A notice under this section is presumed to be delivered when it is deposited
in regular first-class mail, postage prepaid, and addressed to the appropriate
person under Subsection (b). Notwithstanding Section 1.07, the presumption
of delivery under this section may not be rebutted with evidence of failure to
receive the notice.


Act of May 30, 1999, 76th Leg., R.S., ch. 1481, § 16, sec. 33.04, 1999 Tex. Gen. Laws 5097,
5101. This version of section 33.04 remained in effect until the effective date of the 2001
amending Act, September 1, 2001.
4. Likewise, had the tax master applied the 1999 version of section 33.04 to this case,
the taxing units would still be unable to collect penalties and interest on the trust's
1997 taxes because the Trust proved up the affirmative defense of non-delivery of the
five-year notice provided by subsection (d) of the 1999 version of section 33.04. 
Specifically, no evidence shows that either notice of the Trust's 1997 taxes or the
five-year notice of delinquency of those taxes deliverable in 2000 was ever "deposited
in regular first-class mail, postage prepaid, and addressed to the appropriate person
under Subsection (b)," namely, the trustee. 
5. The 2001 amending Act eliminated subsections (b) through (f) of section 33.04,
stating in section 40 that "[p]enalties and interest on a delinquent tax are not cancelled
under Section 33.04, Tax Code, for failure to deliver any notice under that section as
it existed immediately before the effective date of this Act." Act of May 17, 2001,
77th Leg., R.S., ch. 1430, § 40, 2001 Tex. Gen. Laws 5109, 5122.