**Opinion filed February 7, 2013**



# In The

# Eleventh Court of Appeals

_____

## No. 11-11-00077-CR

_____

## JOEL RAMIREZ, Appellant

## V.

## STATE OF TEXAS, Appellee

---

### On Appeal from the 35th District Court

### Brown County, Texas

### Trial Court Cause No. CR20713

---

### M E M O R A N D U M   O P I N I O N

Following a bench trial, Appellant, Joel Ramirez, was convicted of tampering with or fabricating physical evidence, a third-degree felony. Based upon a finding of "true" to a prior felony conviction alleged for enhancement purposes, the trial court assessed his punishment at confinement for a term of forty-five years in the Institutional Division of the Texas Department of Criminal Justice. Appellant challenges his conviction and sentence in four issues.[1] We affirm.

---

[1] Appellant asserts five issues but fails to provide argument for the fifth issue. Therefore, we do not address it.

*Background Facts*

On December 23, 2009, two women, Jacquelyn Ruiz and Jessica Sandoval, observed Appellant taking photographs of young girls inside a Claire's jewelry store in the Heartland Mall in Early, Brown County, Texas. Appellant was squatting down with a digital camera aimed at the posteriors of underage women. Ruiz alerted store employees, who called the police. Appellant left the store. Ruiz followed Appellant through the mall and confronted him. After she told him that the police were on their way, Appellant tried to hide in between and under cars in the parking lot before crossing the street and hiding behind a neighboring business.

Officers from the Early Police Department (E.P.D.) apprehended Appellant and arrested him for improper photography. He surrendered a digital camera that was missing its digital media storage card, but he refused access to his cell phone. After his arrest, Appellant made a recorded phone call from jail to his bail bondsman wherein he admitted to taking the photographs and to discarding the digital media card from his camera. E.P.D. officers were able to locate the media card in a drainage culvert located along the path Appellant took from the mall parking lot. Pursuant to a search warrant, a search of the media card and cell phone revealed photographs as described by Ruiz and Sandoval.

Indicted on April 22, 2010, Appellant's case was set for jury trial on four different occasions between July and October 2010. It was finally set for jury trial on October 25, 2010, but defense counsel filed a motion for continuance on October 21, 2010, stating that Appellant had a scheduled worker's compensation hernia repair on the same date as trial. On October 25, instead of having a jury trial, Appellant formally waived his right to jury trial, and the trial court granted his motion for continuance. The trial court set the matter for a bench trial to be held on January 13, 2011, allowing Appellant the six weeks for recovery requested by his trial counsel.

Before trial, Appellant filed a request to withdraw his jury waiver on the ground that he did not knowingly and voluntarily waive his right to a jury trial due to his intoxication from the prescription pain medication he was taking at the time that he entered the waiver. On the date of trial, after hearing from Appellant, Appellant's trial counsel, and the State's counsel, the trial court denied Appellant's request to withdraw his waiver and proceeded with trial before the court. The State elected to proceed only on the tampering with physical evidence charge.

2

*Issues on Appeal*

Appellant presents four issues on appeal. In his first issue, Appellant argues that the trial court should have granted his third motion for continuance filed October 21, 2010. Appellant next contends that the trial court erred in denying his request to withdraw his jury waiver. In his third issue, Appellant asserts that Section 21.15 of the Texas Penal Code is unconstitutionally vague, both facially and as applied. TEX. PENAL CODE ANN. § 21.15 (West 2011). Finally, Appellant asserts that the evidence is insufficient to support his conviction. We will first address Appellant's fourth issue regarding the sufficiency of the evidence.

*Sufficiency of the Evidence*

In his fourth issue, Appellant challenges the sufficiency of the evidence supporting his conviction. We review a sufficiency of the evidence issue under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). In a bench trial, the trial court is the exclusive judge of the credibility of witnesses and may accept or reject any part of their testimony. *Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987); *Rhodes v. State*, 441 S.W.2d 197, 200 (Tex. Crim. App. 1969).

The indictment alleges that Appellant, "knowing that an investigation was pending or in progress, to-wit: improper photography or visual recording, intentionally or knowingly conceal[ed] physical evidence, to-wit: media card or secure digital card, with intent to impair its availability as evidence." Appellant argues that the offense of improper photography must be established before the offense of tampering with physical evidence can be proven and that, because it was not established, there is insufficient evidence to support his conviction. Section 21.15 of the Texas Penal Code states that a person commits the offense of improper photography if the person photographs another without the other person's consent and with the intent to arouse or gratify the sexual desire of any person. Section 21.15(b)(1).

Citing *Brosky v. State*, 915 S.W.2d 120 (Tex. App.—Fort Worth 1996, pet. ref'd), Appellant contends that there is no evidence of sexual arousal and that, without such evidence, he cannot be charged with tampering with physical evidence. However, *Brosky* does not stand for the proposition that a separate offense must first be conclusively shown before an offense for tampering with physical evidence may be established. *Brosky*, 915 S.W.2d at 142–45. In *Brosky*, the appellate court held that tampering with physical evidence is not a lesser included offense of engaging in organized criminal activity. *Id.* at 143–44. The court determined that the offense of tampering with physical evidence occurred sequentially after another offense, which necessarily placed a person on notice that an investigation was pending. *Id.*

A person commits the offense of tampering with physical evidence if, knowing an investigation is pending, he alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in an investigation. TEX. PENAL CODE ANN. § 37.09 (West Supp. 2011). Section 37.09(a)(1) requires knowledge of an investigation; the intent to impair a thing's availability as evidence; and an affirmative act of concealment, alteration, or destruction. *Id.* The plain language of the statute does not require the State to establish another offense. To require the State to prove a preceding or underlying offense would impermissibly expand the statute by adding an element not listed in Section 37.09. Moreover, had the legislature intended to require proof of an underlying offense as an element of tampering with physical evidence, it could easily have specified such a requirement. *See Long v. State*, 931 S.W.2d 285, 290 (Tex. Crim. App. 1996) (interpreting the sexual harassment statute and stating that, had the legislature intended to apply a reasonable person requirement, it could easily have specified one but did not); *Lovell v. State*, 525 S.W.2d 511, 515 (Tex. Crim. App. 1975) ("If the Legislature had intended such a result, it would have clearly said so."); *H & C Commc'ns, Inc. v. Reed's Food Intern., Inc.*, 887 S.W.2d 475, 479 (Tex. App.—San Antonio 1994, no pet.) (holding that the court can insert additional words into the statutory provisions "[o]nly when it is necessary to give effect to the clear legislative intent").

As in *Brosky*, the offense of tampering with physical evidence occurred after another offense—improper photography—which was under investigation from the time the Claire's store employees alerted the police. The indictment listing the offense of improper photography merely goes to the first element of Section 37.09, which requires that Appellant have knowledge of a pending investigation.

Here, knowledge of the pending investigation can reasonably be inferred from Appellant's actions. At trial, Ruiz testified that she saw Appellant squatting down in a Claire's jewelry store and taking photographs of underage girls as the girls were bending down to look at merchandise. Ruiz informed a store clerk, who called the police. Ruiz followed Appellant when he left the store and told him the police were on their way. At that point, Appellant tried to flee to a neighboring business, but Ruiz followed him until the police arrived.

While not statutorily defined, concealment as used in the context of Section 37.09 is the affirmative act of doing something with an item of evidence with the intent of making that item unavailable in a subsequent investigation. Appellant affirmatively acted to make the digital media card unavailable in a subsequent investigation. Appellant admitted to taking photographs with his camera while inside the Heartland Mall, yet when he surrendered his camera to the officers, it was missing the secure digital media card. Police officers recovered the media card from a drainage culvert when they retraced Appellant's steps. From this, it is reasonable to infer that, as he fled from the shopping mall with Ruiz in pursuit, Appellant threw the media card in a drainage culvert in an attempt to conceal it.

We conclude, based on the evidence and reasonable inferences to be drawn therefrom, that a rational trier of fact could have found that Appellant concealed the media card as alleged in the indictment. Based on Appellant's flight from the scene, coupled with the concealment of the digital media card, a rational factfinder could have reasonably concluded that Appellant knew an investigation was pending and intended to impair the media card's availability as evidence. Appellant's fourth issue is overruled.

*Motion for Continuance*

In his first issue, Appellant complains that the trial court abused its discretion when it denied his third motion for continuance filed October 21, 2010. However, Appellant's argument is without merit; the trial court orally granted Appellant's motion for continuance on October 25, 2010, and reset the trial for January 13, 2011. We overrule Appellant's first issue.

*Waiver of Trial by Jury*

Appellant next argues that the trial court abused its discretion when it denied his request to withdraw his waiver of jury trial. Alternatively, Appellant argues that his original waiver of trial by jury was not voluntarily and knowingly given because he was under the influence of prescription drugs. The State responds that Appellant was not sufficiently intoxicated to render

5

his jury waiver involuntary and that Appellant failed to meet his burden under *Hobbs v. State*, 298 S.W.3d 193 (Tex. Crim. App. 2009).

A. *Voluntariness of Waiver*

A defendant has an absolute right to a jury trial. U.S. CONST. amend. VI; TEX. CONST. art. I, § 15; TEX. CODE CRIM. PROC. ANN. art. 1.12 (West 2005). Article 1.13 of the Texas Code of Criminal Procedure provides the manner by which a defendant properly waives his right to trial by jury. TEX. CODE CRIM. PROC. ANN. art. 1.13 (West Supp. 2012). A defendant may waive his constitutional right to jury trial provided that "the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state." *Id.* When a waiver of jury trial is challenged on appeal, the State must establish through the trial record an express, knowing, and intelligent waiver of jury trial. *Hobbs*, 298 S.W.3d at 197.

The record shows compliance with Article 1.13. Appellant signed a form entitled "Defendant's Waiver of Jury Trial," in which he stated that, having "fully consulted with defense counsel," he "hereby waives jury trial." Appellant's trial counsel read the waiver to Appellant before it was signed. Appellant, Appellant's trial attorneys, and the trial judge all signed the waiver. Moreover, the trial judge admonished Appellant of his right to jury trial and had Appellant orally waive his right in open court. The trial judge addressed several questions to Appellant regarding Appellant's understanding of his right to a jury trial and Appellant's understanding of the waiver he signed; Appellant's trial counsel verified that she was unaware of anything that would lead her to believe Appellant was unable to waive his right. Finally, the trial judge asked, "You're telling me you are waiving your rights to a jury freely and intelligently and voluntarily," to which Appellant responded affirmatively.

The record does not support Appellant's involuntariness contention. The written waiver executed at the October 25, 2010 hearing is prima facie evidence that Appellant's waiver was voluntary. *Williams v. State*, No. 14-09-00042-CR, 2010 WL 3921128, at *7 (Tex. App.—Houston [14th Dist.] Oct. 7, 2010, no pet.). There is nothing in the record to suggest that Appellant did not have sufficient present ability to consult with his attorney with a reasonable degree of rational understanding or that he did not have a rational understanding of the proceedings against him. On the contrary, Appellant stated that he remembered being in court the day he waived his jury trial. Appellant remembers signing the waiver and driving himself

6

home.  Similarly, nothing in the record shows Appellant's conduct caused defense counsel, the prosecutor, or the trial judge to question Appellant's ability to waive his right to jury trial.  We conclude that the record establishes that Appellant made an express, knowing, and intelligent waiver of his right to a jury trial.

Finally, the State notes that the prosecutor failed to sign the jury waiver, but argues this should not be a binding requirement of a valid jury waiver.  In *Shaffer*, the Texas Court of Criminal Appeals held that the State's failure to give written consent to the defendant's waiver did not constitute an error from which a defendant could complain.  *Shaffer v. State*, 769 S.W.2d 943, 944–45 (Tex. Crim. App.), *modified & adopted*, 780 S.W.2d 801 (Tex. Crim. App. 1989).  We conclude that the State's failure to sign is not an error from which Appellant can complain; the State's failure to sign the waiver is harmless where the record demonstrates the State's consent.

*B.  Withdrawal of Waiver*

We next address whether the trial court erred when it denied Appellant's request to withdraw his jury waiver.  Once Appellant validly waived his right to jury trial, he did not have an unfettered right to reassert that right.  *Hobbs*, 298 S.W.3d at 197.

A subsequent request to withdraw a valid jury waiver is left to the discretion of the trial court.  *Id*. at 198; *Marquez v. State*, 921 S.W.2d 217, 221 (Tex. Crim. App. 1996).  The trial court should ordinarily permit withdrawal "so long as it is in good faith and there are no adverse consequences."  *Marquez*, 921 S.W.2d at 222.

While the State had the burden of establishing a valid jury waiver, Appellant bore the burden of showing a lack of adverse consequences from a subsequent request to withdraw the valid jury waiver.  *Hobbs*, 298 S.W.3d at 197.  To establish a lack of adverse consequences, a defendant must establish on the record that the request to withdraw jury waiver was made sufficiently in advance of trial such that granting it would not (1) interfere with the orderly administration of justice, (2) result in unnecessary delay or inconvenience to the witnesses, or (3) prejudice the State.  *Hobbs*, 298 S.W.3d at 197–98; *Marquez*, 921 S.W.2d at 223.  However, "[i]f the defendant's claims are rebutted by the State, by the trial court, or by the record itself, the trial court does not abuse its discretion by refusing to allow withdrawal of the waiver."  *Marquez*, 921 S.W.2d at 223.

On the date of trial, Appellant presented argument in support of his request to withdraw his jury waiver. In support of his claim that the State would suffer no prejudice, Appellant argued that the State's witnesses were all local and, because the State was able to marshal them in October and in January, it would not clearly prejudice the State to marshal the witnesses again at a later date. Because Appellant was requesting only a short continuance of three or four weeks, he argued that the witnesses would not suffer any unnecessary delay or inconvenience. As to the first *Hobbs* factor, Appellant argued at trial that it would be in the "spirit of fair play and substantial justice to permit him to withdraw the jury waiver." Appellant offered no evidence to support his claims. Appellant's arguments do not establish that no adverse consequences would flow from the withdrawal of his jury waiver. *See Hobbs*, 298 S.W.3d at 198 (holding that the court of appeals did not err in concluding that the defendant failed to carry his evidentiary burden).

In contrast, the prosecutor testified that to delay the trial would harm the State because the State had over 600 pending felony cases and this case had been fully prepared for trial twice. The prosecutor also testified that the witnesses had previously been subpoenaed and that to delay further would inconvenience them. Thus, the State offered evidence to rebut Appellant's claims. *See Marquez*, 921 S.W.2d at 223 (concluding no error occurred where the defendant failed to show that granting the withdrawal would not result in adverse consequences). Given the record before us, we conclude that Appellant failed to carry his evidentiary burden and that the trial court did not abuse its discretion in denying Appellant's request to withdraw his jury waiver. We overrule Appellant's second issue.

*Constitutionality of Texas Penal Code Section 21.15*

Finally, we address Appellant's constitutional challenge. Appellant contends that Section 21.15 of the Texas Penal Code is unconstitutionally vague. Section 21.15 proscribes improper photography, defined as the taking of another person's photograph without consent and with intent to arouse or gratify the sexual desire of any person. Section 21.15(b)(1).

In the present appeal, Appellant was indicted for tampering with physical evidence in violation of Section 37.09. The record reflects that the State had two other pending charges against Appellant. On the date of trial, the State elected to proceed only with the tampering charge. Because Appellant was not indicted for or convicted of improper photography in this case, we will not address the constitutionality of the statute. *See Scott v. State*, 322 S.W.3d 662,

668 (Tex. Crim. App. 2010) (concluding the court of appeals erred in addressing the constitutionality of one statutory subsection when the defendant was charged under a different statutory subsection). Accordingly, we overrule Appellant's third issue.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


February 7, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.