**Reversed and Rendered and Opinion and Concurring Opinion filed March 19, 2026**



In The

# Fifteenth Court of Appeals

### NO. 15-24-00073-CV

## TEXAS DEPARTMENT OF INSURANCE, Appellant

## V.

## SOM THOMAS, Appellee

**On Appeal from the 345th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-22-003365**

## CONCURRING OPINION

I concur in the majority's decision to reverse the district court's order and render judgment in favor of TDI. I write only to address the majority's discussion of our appellate jurisdiction and the question of "whether we have jurisdiction of claims arising from *unrelated* transactions or occurrences that are tacked onto matters within our exclusive jurisdiction." Ante at 6. Properly interpreted, Texas Government Code subsection 22.220(d)(1) gives this Court authority to exercise

appellate jurisdiction over "matters" that fall within our exclusive jurisdiction conferred by that subsection. Tex. Gov't Code § 22.220(d)(1). The statutory term "matter" refers to the entire appeal, so one qualifying claim that fits subsection 22.220(d)(1)'s criteria brings the rest of the case along with it.

The Texas Supreme Court has recognized that this Court "may exercise appellate jurisdiction over *cases* from any district and county court, subject to legislative restriction." *In re Dallas Cnty.*, 697 S.W.3d 142, 159 (Tex. 2024) (orig. proceeding) (emphasis added); *see* Tex. Const. art. 5, § 6(a) (a court of appeals has appellate jurisdiction which "extend[s] to all cases" within its district); Tex. Gov't Code § 22.220(a) (same). Although subsection 22.220(a) confers a grant of general civil jurisdiction, we need only look to the Legislature's grant of exclusive appellate jurisdiction under Texas Government Code subsection 22.220(d)(1) to resolve whether our jurisdiction over government appeals is claim based or case based. That subsection states that the "Court of Appeals for the Fifteenth Court of Appeals District has exclusive intermediate appellate jurisdiction over the following *matters* arising out of or related to a civil case: (1) *matters* brought by or against the state or a board, commission, department, office, or other agency in the executive branch of the state government . . . ." Tex. Gov't Code § 22.220(d)(1) (emphasis added). Subsection (d)(1) then goes on to list various kinds of claims that would otherwise fall within subsection (d)(1) that do not trigger this Court's exclusive appellate jurisdiction. *Id.* § 22.220(d)(1)(A)–(O).

The Legislature's use of the term "matter" is meaningful. *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) ("We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen."). Significantly, the term "matter" commonly refers to an entire case—not merely an individual cause of

action. For example, *Black's Law Dictionary* treats the term "case" as synonymous with "matter." *See Matter*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("A subject under consideration, esp. involving a dispute or litigation; CASE (1) <this is the only matter on the court's docket today>."). Texas appellate courts routinely use the term "matter" to refer to the entire appeal at hand. *See, e.g.*, *In re Garrett*, No. 15-25-00006-CV, 2025 WL 841732, at *1 (Tex. App.—15th Dist. Mar. 18, 2025, orig. proceeding) (mem. op.) (dismissing case because this Court did not have "jurisdiction over a pending proceeding in this matter"); *Navigator Grp. v. Van Dyke*, No. 11-24-00007-CV, 2026 WL 545548, at *1 (Tex. App.—Eastland Feb. 27, 2026, no pet. h.) ("In this matter, we revisit a familiar dispute involving a 1924 deed in which George H. Mulkey and Frances E. Mulkey conveyed property to G.R. White and G.W. Tom while reserving to themselves 'one-half of one-eighth' of the 'minerals and mineral rights' therein."); *In re Z.A.T.*, No. 10-12-00045-CV, 2012 WL 1231970, at *1 (Tex. App.—Waco Apr. 11, 2012, no pet.) (mem. op.) ("Appellant, Richard Owen Taylor, has filed a motion to dismiss his appeal in this matter. . . . The motion is granted, and the appeal is dismissed."); *Munoz v. Capetillo*, No. 13-07-183-CV, 2007 WL 1845588, at *1 (Tex. App.—Corpus Christi–Edinburg June 28, 2007, no pet.) (per curiam) (mem. op.) ("Appellant has failed to pay the $125.00 filing fee in this matter. . . . The Court, having examined and fully considered the documents on file, appellant's failure to remit the $125.00 filing fee, this Court's notice, and appellant's failure to respond, is of the opinion that the appeal should be dismissed.").

Similarly, the Fourth Court of Appeals held that the statutory phrase "matters in litigation" encompassed "the entire substance of the lawsuit, not merely the part of the litigation the parties have actively contested." *H & C Commc'ns, Inc. v. Reed's Food Intern., Inc.*, 887 S.W.2d 475, 478–79 (Tex. App.—San Antonio 1994, no writ).

In so holding, the Court looked to the meaning of the term "matter" and then extrapolated that when combined with "litigation," the phrase became "simply another way of saying 'suits filed' or 'pending litigation.'" *Id.* at 479 n.2, 479 n.3.

When the term "matter" is interpreted in the context of the statute, Texas Government Code subsection 22.220(d)(1) confers exclusive appellate jurisdiction over the entire case so long as that case contains one claim that falls within (d)(1)'s parameters when the list of exclusions is considered. If one such claim exists, the rest of the appellate case comes along for the ride. That is true even if the case *also* includes a claim that is factually unrelated to the qualifying claim or a claim that falls within subsection (d)(1)'s exclusions. Subsection (d)(1)'s exclusions list functions only to determine whether there is a claim that triggers this Court's exclusive jurisdiction; it does not carve claims out of cases that qualify for subsection (d)(1) exclusive jurisdiction. Accordingly, this Court should not transfer the Chapter 21 claim, regardless of whether it relates to the claims that trigger this court's exclusive jurisdiction under subsection (d)(1).

<u>/s/ April Farris</u>

April Farris
Justice

Before Chief Justice Brister and Justices Field and Farris.

4