**Floyd Ray WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57273.**

Court of Criminal Appeals of Texas.

Oct. 10, 1979.

Milton I. Fagin, court appointed on appeal, San Antonio, Floyd Ray White, pro se on rehearing, for appellant.

Bill M. White, Dist. Atty., Gus E. Wilcox, Donald A. Clowe and Marcelo R. Montemayor, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Aburey Lewis JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 55823.

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 20, 1978.

On Rehearing Oct. 10, 1979.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ODOM, Judge.

This is an appeal from a conviction for burglary of a habitation. Punishment, enhanced by proof of two prior convictions, was assessed at life under V.T.C.A., Penal Code Sec. 12.42(d).

On original submission appellant's conviction was affirmed in a per curiam opinion. By motion for rehearing appellant raises an issue not considered on original submission. It is pointed out by appellant that one of the prior convictions used for enhancement in this case was declared void by per curiam opinion in *Ex parte White,* Cause No. 60928, 578 S.W.2d 760 in this Court. We there held that the indictment was fundamentally defective. Although there was no objection to the prior conviction at trial in this case, the fact that the indictment was defective was not an apparent ground for objection because the prior conviction was proven by judgment and sentence without indictment.

We take judicial notice of our judgment in Cause No. 60928 and hold that the conviction therein held void cannot support enhancement of appellant's punishment in this case. Because the punishment stage in this case was heard by the jury, the entire conviction must be set aside.

Accordingly, the motion for rehearing is granted, the judgment is reversed and the cause is remanded.