Calvin BURNEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 65049.

Court of Criminal Appeals of Texas, Panel No. 3.

April 29, 1981.

Marvin C. Hanz and Galen A. Moeller, San Angelo, for appellant.

Royal Hart, Dist. Atty., Ken Greer, Jr., and Thomas J. Gossett, Asst. Dist. Attys., San Angelo, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated assault. Punishment, enhanced by allegation and proof of one prior felony conviction, was assessed by the jury at 15 years and a $7500 fine.

The prior conviction used to enhance punishment in this case was for destruction of property under Art. 1350, V.A.P.C. (1925). After the primary offense was pending on appeal, appellant filed for post-conviction habeas corpus relief in the prior conviction. The trial court, recognizing the implications of the habeas corpus application, ordered his findings and the relevant instruments filed as a supplement to the record in this appeal. The State, in turn, has filed a supplemental brief in this appeal responding to the issue addressed in the court's order on the habeas corpus application.

The significant issue addressed by the court in its order on the habeas corpus application is the fundamental defect in the indictment of the prior offense. Art. 1350, supra, under which the prior conviction was obtained, provided:

"(1)(a) It shall be unlawful for any person to wilfully injure or destroy, or attempt to injure or destroy, any property belonging to another, of any kind whatsoever, *without the consent of the owner* and lienholder, if any, thereon." (Emphasis added.)

The indictment in the prior conviction omitted the element that the property was injured and destroyed "without the consent of the owner." This rendered the indictment void. See *Timms v. State*, Tex.Cr.App., 542 S.W.2d 424.

A void prior conviction may not be used to enhance punishment. *Ex parte Rivers*, Tex.Cr.App., 559 S.W.2d 659; *White v.*

*State*, Tex.Cr.App., 587 S.W.2d 114. The State argues that error was waived by failure to object. Its reliance on *Lewis v. State*, Tex.Cr.App., 501 S.W.2d 88, and *Thompson v. State*, Tex.Cr.App., 537 S.W.2d 732, is misplaced. The defect in the prior conviction in *Lewis* did not result in a void conviction, as is the case here. In *Thompson* the invalid prior conviction was not used to enhance punishment, and its proof was harmless in the face of five other valid prior convictions also proven at the punishment stage. The prior conviction used to enhance punishment in this case was void ab initio because the fundamentally defective indictment deprived the trial court of jurisdiction. *Ex parte Cannon*, Tex.Cr. App., 546 S.W.2d 266, 268 (concurring opinion).

Because punishment was submitted to the jury, the conviction must be set aside. *White*, supra.

The judgment is reversed and the cause remanded.