James Steven **HOOBLER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 1025–85.

Court of Criminal Appeals of Texas, En Banc.

May 27, 1987.

Ronald N. Hayes, Charles F. Baird, Michael B. Charlton, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and William J. Delmore, III, Asst. Dist. Atty., Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

The appellant was convicted after pleading guilty before the trial court to sexual assault. V.T.C.A., Penal Code Sec. 22.-011(a)(2)(A). There was no plea bargaining agreement between the appellant and the

State, nor was a recommendation as to sentencing offered by the State to the trial court. The trial court assessed appellant's punishment at ten years' confinement in the Texas Department of Corrections.

On direct appeal the appellant argued that the state's attorney did not consent in writing to the waiver of right to jury trial as required by Art. 1.13 and Art. 1.15, V.A.C.C.P. Appellant asserted this rendered his waiver void, and constituted fundamental error. As a result, the conviction was voidable.

The Court of Appeals disagreed with appellant. They resolved the dispute by deciding that the error of the trial court was not so egregious as to render the appellant's trial unfair and partial. The Court of Appeals relied on *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1984), as authority for its decision. *Hoobler v. State*, 695 S.W.2d 785 (Tex.App.—1st Dist.1985).

The appellant filed a petition for discretionary review from the Court of Appeals' decision. The appellant gives, as his reason for review, that the Court of Appeals "erred in applying the standard of appellate review set forth in *Almanza v. State* to the jury waiver issue." This decision by the Court of Appeals on an important question of state law is in conflict with an applicable decision of this Court. Tex.R. App.Pro.Rule 200(c)(3). We granted review.

In his briefs before this Court, the appellant explained his argument that the fundamental error of the trial court mandated a reversal of his conviction. A valid waiver of a jury is a prerequisite to a trial without a jury. The validity of the waiver is conditioned upon the State's consent in writing. Before the waiver can become effective, the consent of counsel for the State must be obtained. Appellant also argued that *Almanza v. State*, was inapplicable, since it was limited to the analysis of error in charges to juries.

We agree with appellant.

A defendant's right to be tried by the court without a jury is subject to the statutory conditions of Article 1.13, V.A.C.C.P. *State ex rel. Turner v. McDonald*, 676 S.W.2d 371 (Tex.Cr.App.1984). Among these conditions is the requirement that "the consent and approval of the attorney representing the State (be) in writing, signed by him ..." Art. 1.13, supra. A defendant's right to a trial without a jury is "conditioned upon and limited by the State's consent." *State ex rel. Bryan v. McDonald*, 681 S.W.2d 65 (Tex.Cr.App. 1984).

The failure of the State in the instant case to comply with the requirements of Art. 1.13, V.A.C.C.P., requires a reversal of the judgment against the appellant.[1] *Ex parte Aaron*, 691 S.W.2d 680 (Tex.Cr.App. 1985). In an analogous case, *McClain and Navarro v. State*, 730 S.W.2d 739 (Tex.Cr. App.1987), the trial court failed to comply with the statutory requirements for a stipulation of evidence in Article 1.15, V.A.C. C.P. The trial court failed to approve the defendants' waiver of the appearance, confrontation, and cross-examination of witnesses, and the defendants' consent to the stipulation of the evidence. Because the judgment of the trial court was based upon the stipulation, the judgment was reversed. *McClain and Navarro*, supra.

The instant case requires a similar solution. The appellant's waiver of his right to trial by jury was not approved in writing by the attorney representing the State, as required by Art. 1.13, supra. Under Art. 1.15, supra, the appellant could not be convicted of the instant offense without the verdict of a jury, unless he had waived the right of trial by jury in compliance with Art. 1.13. Therefore, the judgment of conviction against the appellant must be reversed.

The Court of Appeals erred when it decided the trial court's mistake was harmless error. The Court of Appeals relied on *Ex parte Collier*, 614 S.W.2d 429 (Tex.Cr.

---

1. Because the State's consent is not jurisdictional, the judgment cannot be considered void. *State ex rel. Bryan*, supra. The failure to secure the State's written consent is fundamental error which calls for reversal.

App.1981), wherein the defendant sought habeas corpus relief from his felony conviction because the State did not approve in writing the waiver of right to trial by jury. Evidence apart from the waiver showed the State's consent to the waiver. This Court decided that in the absence of a showing of harm by the defendant, his judgment of conviction would not be set aside. *Collier,* at 434.

This decision was later distinguished by this Court from cases involving a direct appeal. In *Lawrence v. State,* 626 S.W.2d 56 (Tex.Cr.App.1982), this Court decided that a "printed form for the waiver of a jury trial only becomes effective after execution by the parties sought to be bound." *Collier* was distinguished because the defendant in *Lawrence* raised the lack of compliance with Art. 1.13, supra, on direct appeal. *Lawrence,* supra, at 57.

In the instant case, the appellant also raised the issue of lack of compliance on direct appeal. Therefore, *Ex parte Collier,* is not controlling in the instant case.

The Court of Appeals also mistakenly relied on *Almanza v. State,* in deciding the trial court's error was not so egregious as to require a reversal. This reliance on *Almanza* conflicts with the scope of that decision. Recently, this Court stated that *Almanza* only dealt with the way objected to and unobjected to error in the trial court's charge will be considered on appeal. *McClain and Navarro,* supra, 730 S.W.2d at 742–743. Therefore, *Almanza,* supra, is not controlling in the instant case.

The trial court's fundamental error requires a reversal. We reverse the judgments of the Court of Appeals and the trial court and remand this case for a new trial.