**Gerald Milton SHAFFER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–87–00212–CR.**

Court of Appeals of Texas, Tyler.

May 10, 1988.

Allen D. Rountree, Tyler, for appellant.

Kevin Louis Henry, Asst. Dist. Atty., Tyler, for appellee.

BILL BASS, Justice.

The trial court, sitting without a jury, convicted Gerald Milton Shaffer of the offense of robbery and assessed his punishment at thirty years' confinement.

We reverse and remand.

Although the appellant brings three points of error, his first point warrants a reversal of the trial court's decision. The appellant contends that the trial court committed reversible error by accepting the appellant's. written waiver of a jury trial without the written consent of the State's attorney. We agree. Article 1.15 of the Texas Code of Criminal Procedure provides that the appellant cannot be convicted of a felony without the verdict of a jury unless he waived that right in compliance with article 1.13. This article reads as follows:

> The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, *and the consent and approval of the attorney representing the State shall be in writing,* signed by him, and filed in the papers of the cause before the defendant enters his plea. Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him. (Emphasis added).

Tex.Code Crim.Proc.Ann. art. 1.13 (Vernon 1977).

This section not only requires the written waiver of the defendant, but also requires the written consent of the attorney representing the State. In this case, the State's attorney failed to consent in writing to the appellant's waiver of a jury trial.

In *Hoobler v. State,* 730 S.W.2d 755 (Tex. Cr.App.1987), the Texas Court of Criminal

Appeals held that the failure to secure the State's attorney's written consent to the waiver of the defendant's right to a jury trial was fundamental error requiring reversal. The court held that "[a] valid waiver of a jury is a prerequisite to a trial without a jury. The validity of the waiver is conditioned upon the State's consent in writing. Before the waiver can become effective, the consent of counsel must be obtained." *Hoobler,* 730 S.W.2d at 756.

In this case, Shaffer personally signed an affidavit waiving his right to a jury trial. However, the State's attorney failed to sign his written consent. Although the record clearly shows that Shaffer orally agreed to waive a jury trial before the court and the State's attorney orally concurred with the appellant's decision, we are bound by the decision of the Court of Criminal Appeals in *Hoobler.* Appellant's first point of error is sustained.

In his second point of error, Shaffer contends that there is insufficient evidence to establish the bodily injury required by section 29.02 of the Texas Penal Code. Bodily injury is defined as "physical pain, illness, or any impairment of physical condition." Tex.Penal Code Ann. § 1.07(a)(7) (Vernon 1974). In *Lewis v. State,* 530 S.W. 2d 117, 118 (Tex.Cr.App.1975), the Court of Criminal Appeals found that the State sustained its burden in proving the element of "bodily injury" and concluded the evidence was sufficient to support the conviction where the victim related that in the course of forcibly taking her suitcase, the defendant twisted her arm and caused her "physical pain." An examination of the record reveals that Shaffer struck the victim's head with his fist two or three times, knocking her to the ground and scraping her knees. The victim testified that she suffered physical pain in her face, head, and knees. We find sufficient evidence to prove that the victim suffered bodily injury as a result of Shaffer's attempt to steal her purse. Appellant's second point of error is overruled.

In Shaffer's third point of error, he contends that the trial court erred in en-

hancing his conviction from second degree to first degree robbery because the conviction used for this enhancement was based on a void indictment. Section 12.42(b) of the Texas Penal Code provides that a second degree felony can be enhanced to a first degree felony with proof of a prior felony conviction. The State enhanced the robbery conviction in this case by showing Shaffer's conviction based on the first count of a two-count indictment from a Tarrant County Grand Jury in 1978. The first count charged theft of property with a value greater than $10,000. The second count charged theft of property with a value between $200 and $10,000. While the second count contained the language "with intent to deprive the owner of the property," the first did not. The appellant contends that because the first count of the indictment, which the State used for enhancement, failed to allege this language, the indictment is fundamentally defective and cannot be used to enhance his conviction for robbery in this case. We agree.

In *Smith v. State*, 571 S.W.2d 917 (Tex.Cr.App.1978), the Court of Criminal Appeals held a fundamental defect in one count of an indictment may not be cured by incorporating allegations of another count by reference since each count of an indictment must definitely charge commission of a distinct offense. The court also held "that a theft indictment is fundamentally defective when it fails to allege that the defendant acted with intent to deprive the owner of property, an element necessary to every theft allegation." *Smith*, 571 S.W. 2d at 919. Moreover, a conviction based on a fundamentally defective indictment cannot support the enhancement of a defendant's punishment. *White v. State*, 587 S.W.2d 114 (Tex.Cr.App.1979). Because the State could not incorporate the neces-

sary language from the second count to cure its omission in the first count, the conviction is void and the State was prohibited from using that conviction for enhancement. Appellant's third point of error is sustained.[1]

Judgment is reversed, and the cause is remanded.

COLLEY, J., concurs.

COLLEY, Justice, concurring.

I agree that the majority of the court has correctly sustained Shaffer's first point of error, reversed the judgment of conviction, and remanded the cause for a new trial. The decision in *Hoobler v. State*, 730 S.W. 2d 755 (Tex.Cr.App.1987), and its forerunners [2] compel such a decision. Nevertheless, being strongly moved to petition our brothers on the high court to reconsider *Hoobler* and its ilk, I file this concurring opinion.

My question is whether the error of a trial judge in proceeding to bench try a case on a defendant's plea without securing the State's written consent to the jury waiver of the defendant, should be judged in all cases under the harmless error rule of Tex.R.App.P. 80(b)(2), or if you will, by the ratio found in *Ex parte Collier*, 614 S.W.2d 429 (Tex.Cr.App.1981).[3]

In *Collier*, Judge Onion writing for the majority, noted that the court in the past reversed convictions on direct appeals "where the State's written consent to the jury waiver is not in the record [vacated convictions] and on collateral attack by writ of habeas corpus where the relator ... demonstrated that there was no such written consent despite ... recitals in the judgment to the contrary." (Citation omitted.) *Id.* at 433. After carefully reviewing prior

---

1. Were we not required to reverse and remand this cause by reason of our ruling on Shaffer's first point, we would reverse the judgment, but not the conviction, and remand the cause for assessment of punishment for a second degree felony.

2. *E.g., Lawrence v. State*, 626 S.W.2d 56, 57 (Tex.Cr.App.1981), and *Thompson v. State*, 154 Tex.Crim.R. 273, 226 S.W.2d 872 (1950).

3. A habeas corpus proceeding and collateral attack on the validity of a judgment resulting from a bench trial on applicant's plea of not guilty.

case law, Judge Onion observed that to follow such authorities would require the court to grant Collier's habeas relief and vacate his conviction, but then stated,

> We conclude that it would be ridiculous to set aside a conviction as in the instant case based merely upon the missing signature of the district attorney when it is obvious that the State did indeed consent to the jury waiver.

*Id.* at 434. In denying the relief sought, the *Collier* court also wrote,

> [Absent] a showing of harm a valid conviction may not be set aside [in a] collateral attack merely because the State failed to sign the consent to the jury waiver of a defendant ... where the evidence does [affirmatively] show that the State did in fact agree to such waiver.

*Id.*

Furthermore, in *Collier* and in *State ex rel. Bryan v. McDonald*, 681 S.W.2d 65, 67 (Tex.Cr.App.1984), the Court of Criminal Appeals held that the trial court has jurisdiction (power and authority) to sign a judgment in a nonjury case notwithstanding the fact that the State failed or refused to consent in writing to the jury waiver. Yet in *Hoobler* the court held that the trial court commits *fundamental* error in hearing a defendant's cause on his plea of guilty where the State's attorney has not consented in writing to the defendant's waiver of trial by jury, saying, "[t]he validity of the [defendant's] waiver is conditioned upon the State's consent in writing. Before the waiver can become effective, the consent of [State's counsel] must be obtained." *Hoobler*, 730 S.W.2d at 756. The *Hoobler* court then goes on to distinguish *Collier* on the reasoning that *Collier* involved a collateral attack in which the defendant bears the burden of showing

that the *court's error* harmed defendant's case, an impossible task; whereas, in direct appeal cases, such error results in automatic reversal, citing *Lawrence v. State.*

I submit, with all due respect, that such interpretation of article 1.13 is inexplicable and unsound. I am persuaded that Judge Onion's conclusion in *Collier* that it is "ridiculous to set aside a conviction ... merely" because the State's attorney failed to consent in writing to the defendant's knowing, intentional and intelligent waiver of jury trial (even without the condition, "when it is obvious that the State did indeed consent [orally] to the jury waiver)," is equally applicable to cases on direct appeal.

The unexplained elevation by the *Hoobler* court of the trial court's error in failing to procure the State's written consent to the jury waiver, after the defendant has affirmatively, and in writing, waived his right to trial by jury to fundamental error, is in direct conflict with *Almanza's* [4] definition of "fundamental error." The error addressed in *Hoobler* in no way operates to deprive the defendant of a "fair and impartial trial," or "[goes] to the very basis of the case." Additionally, good sense demands that the courts declare that the provisions of article 1.13 requiring the State's attorney to consent and approve in writing a defendant's waiver of a jury are intended to protect the State, not the defendant.[5]

Finally, assuming the requirement of article 1.13 under consideration to be mandatory, I respectfully submit that conclusion does not warrant automatic reversal of a valid conviction. To so hold not only engenders disrespect for the appellate process, it casts an unnecessary burden on the judiciary, frustrates legislative intent, and imposes an unnecessary expense on the public.[6]

---

**4.** [*Almanza v. State*], 686 S.W.2d 157, 171–172 (Tex.Cr.App.1984).

**5.** *See Ex parte Collier*, 614 S.W.2d at 431.

**6.** To illustrate the folly of *Hoobler* consider this: The State not wishing to try its case before the

judge deliberately withholds its written consent to a defendant's waiver of jury, thus exercising its quite flimsy right to a jury trial on the guilt-innocence issue in the case. Nevertheless, the judge hears the case, finds the defendant guilty, and assesses a punishment not entirely unpleasing to the State. The defendant appeals,

Therefore with great deference, I urge the judges of the Court of Criminal Appeals to overrule *Hoobler* and like cases and reverse our judgment here by applying the reasoning of *Collier* to all cases involving the same trial error or, alternatively, to subject the error to the harmless error analysis of Tex.R.App.P. 80(b)(2).

and under *Hoobler's* holding, a reversal and retrial is mandated. Who suffers? The State and the people.