Gerald Milton SHAFFER, Appellant,

v.

The STATE of Texas, Appellee.

No. 627–88.

Court of Criminal Appeals of Texas,
En Banc.

May 3, 1989.

Allen D. Rountree, Tyler, for appellant.

Jack Skeen, Jr., Dist. Atty. and Michael J. Sandlin & Christian E. Bryan, Asst. Dist. Attys., Tyler, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

After waiving trial by jury, appellant had a bench trial, was found guilty of robbery, and his punishment was assessed at thirty years' imprisonment.

On direct appeal appellant alleged reversible error in the State's failure to sign appellant's jury waiver form as required by Article 1.13, V.A.C.C.P. The Twelfth Court of Appeals reluctantly reversed appellant's conviction holding that, under this Court's opinion of *Hoobler v. State*, 730 S.W.2d 755 (Tex.Cr.App.1987), a violation of Article 1.13 constitutes fundamental error requiring automatic reversal. *Shaffer v. State*, 769 S.W.2d 945, No. 12–87–00212–CR (Tex.App.—Tyler, May 10, 1988).

The State petitioned this Court for discretionary review arguing that a violation of Article 1.13, rather than requiring automatic reversal, requires application of an 81(b)(2) harm analysis. Tex.R.App.Proc., R. 81(b)(2). Because this is a question of first impression, we granted the State's

petition, Tex.R.App.Proc., R. 200(c)(2); however, after careful consideration of the issues presented we will affirm the conviction without need for fully reaching the merits of the State's contention.

■ A defendant has a right to waive a jury trial; however, such a right is subject to the statutory conditions of Article 1.13, *supra*. Article 1.13 requires,

> The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right ... to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, *and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause*, before the defendant enters his plea.

Art. 1.13, *supra* (emphasis supplied). Thus, a defendant's right to waive a jury is predicated, *inter alia*, on the State's consent to the waiver, and, in order to protect the State's veto right, such consent must be in writing.

■ The instant record uniformly reflects that the State, while verbally consenting to the jury waiver, inadvertently failed to issue written consent. Thus, it is without question that the State did not strictly comply with Article 1.13. The sole question then is what type of error such a statutory violation constitutes.

The Tyler Court of Appeals, following *Hoobler, supra,* automatically reversed appellant's conviction. *Shaffer, supra.* Justice Colley filed a concurring opinion expressing the lower court's reluctance to render an automatic reversal for such innocuous error and urging this Court to reconsider *Hoobler, supra,* and its forerunners, *e.g., Lawrence v. State,* 626 S.W.2d 56, 57 (Tex.Cr.App.1981) (and cases cited

therein). *Shaffer, supra* 769 S.W.2d 945. *See also, Moncivaiz v. State,* 752 S.W.2d 722 (Tex.App.—Corpus Christi 1988, no pet.).

The Court of Appeals is correct in that, in the past, this Court has held the State's failure to sign the jury waiver in compliance with Art. 1.13 constitutes reversible error. *Hoobler, supra; Lawrence, supra* (and cases cited therein). In fact in *Hoobler* we automatically reversed the conviction characterizing the failure to secure the State's written consent as "fundamental error". *Hoobler, supra* at 756, fn. 1. However, having now reconsidered this question via the instant petition, we are compelled to reassess *Hoobler* and its progenitors.

Article 1.13, *supra,* requires the State to give written consent to a defendant's jury waiver. Such a requisite is meant to protect the State's right to insist on a jury trial even where a defendant wishes to waive a jury. *State ex rel. Turner v. McDonald,* 676 S.W.2d 371 (Tex.Cr.App. 1984). Thus, the 1.13 State consent requisite protects the interests of the State and not the defendant, and the violation of such a State protective rule, while constituting error, simply cannot constitute error to a defendant or from which a defendant can complain. *See, Ex parte Collier,* 614 S.W. 2d 429, 436 (Tex.Cr.App.1981) (Clinton, J., dissenting).

■ Additionally, although *Hoobler* characterized the State's failure to give written consent as fundamental error, we now hold that such error is not fundamental. The State's failure to register its consent does not deprive the defendant of a fair and impartial trial, nor does it go to the very basis of the conviction of punishment. *Compare Almanza v. State,* 686 S.W.2d 157, 171–172 (Tex.Cr.App.1984). Further, consent by the State is not a jurisdictional requisite to the rendition and entry of an otherwise valid judgment. *State ex rel. Bryan v. McDonald,* 681 S.W.2d 65 (Tex. Cr.App.1984); *Ex parte Collier, supra.* Consequently, there is no longer any need to characterize such error as fundamental.

Where a defendant voluntarily, knowingly and intelligently waives a jury and the trial court properly memorializes its approval and consent of such waiver in compliance with 1.13, every material interest of the defendant is satisfied. Accordingly, he has no legitimate concern with the State's failure to give written consent and that failure on the part of the State does not constitute error, fundamental or otherwise, against the defendant.

We now hold the State's failure to give written consent to a defendant's jury waiver, in violation of Art. 1.13, does not constitute error as to a defendant or from which a defendant can complain. Consequently, the harm analysis of Rule 81(b)(2), Tex.R. App.Proc., is not necessary in this case. To the extent that *Hoobler, supra,* and other cases have held otherwise, they are overruled.

The State's motion for rehearing is granted; the judgment of the Court of Appeals is reversed and the conviction of the trial court is affirmed. It is so ordered.