**Gerald Milton SHAFFER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 627–88.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 29, 1989.

Allen D. Rountree, Tyler, for appellant.

Jack Skeen, Jr., Dist. Atty., Christina E. Bryan, Michael J. Sandlin, Asst. Dist. Attys., Tyler, and Robert Huttash, State's Atty., Austin, for the State.

---

## OPINION ON COURT'S OWN MOTION FOR REHEARING

PER CURIAM.

The appellant was convicted of robbery and his punishment was assessed at thirty years in the Texas Department of Corrections. The Twelfth Court of Appeals reversed the appellant's conviction. *Shaffer v. State*, 769 S.W.2d 945 (Tex.App.—Tyler, 1988).

The State timely filed its petition for discretionary review. In a single ground for review the State urged this Court to apply a harmless error analysis to violations of Article 1.13, V.A.C.C.P. Originally, the State's petition was refused; however, the State's motion for rehearing was granted. On May 3, 1989, the court of

appeals' decision was reversed and the trial court's judgment was affirmed. *Shaffer v. State*, 769 S.W.2d 943 (Tex.Cr.App.1989).

After reviewing the court of appeals' opinion it is apparent that the reversal of the court of appeals' judgment and affirming the appellant's conviction was incorrect. In its opinion, the court of appeals also concluded that the appellant's punishment had been improperly enhanced because the conviction used to enhance the punishment was based on a void indictment. The appellant's conviction was therefore reversed and the case remanded to the trial court. *Shaffer v. State*, 769 S.W.2d 945 (Tex.App.—Tyler, 1988). The State, however, did not request review of this portion of the court of appeals' decision. Thus, on May 19, 1989, our mandate was withdrawn by order of the Court.*

The following is now the judgment of the Court on its own motion for rehearing: the decision of this Court in its original opinion is adopted relative to reversing the court of appeals' judgment on the State's ground for review; however, the judgment of the court of appeals is affirmed and the cause remanded to the trial court.

---

\* The Court has the authority to withdraw its mandate at any time during the term of court it was issued. See *French v. State*, 572 S.W.2d 934 (Tex.Cr.App.1978); *Dermee v. State*, 379 S.W.2d 908 (Tex.Cr.App.1964).