ACCEPTED
03-14-00527-CR
6719956
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/31/2015 11:10:12 AM
JEFFREY D. KYLE
CLERK

No. 03-14-00527-CR

In the
Court of Appeals for the Third District of Texas
at Austin

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/31/2015 11:10:12 AM
JEFFREY D. KYLE
Clerk

_____

No. 14-0874-K368
In the 368th Judicial District Court
Williamson County, Texas

_____

JAMES ALAN WEATHERFORD
*Appellant*
v.
THE STATE OF TEXAS
*Appellee*

_____

STATE'S BRIEF IN RESPONSE

_____

Jana Duty
District Attorney
Williamson County, Texas

John C. Prezas
State Bar No: 24041722
Assistant District Attorney
405 Martin Luther King, Box 1
Georgetown, Texas  78626
(512) 943-1234
(512) 943-1255 (fax)
jprezas@wilco.org

ORAL ARGUMENT REQUESTED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rules of Appellate Procedure 39.1 and 39.7, Appellant has requested oral argument in this case. Therefore, to preserve its right to argue and respond, the State also requests oral argument. The State believes that oral argument may further clarify the value and benefit Appellant received from the strategic decisions his trial counsel made.

## IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties follows:

Presiding Judge at Trial

- The Honorable Rick Kennon, 368th Judicial District Court, Williamson County, Texas.

Attorneys for the State

- Ms. Jana Duty, District Attorney for Williamson County, 405 Martin Luther King, Georgetown, Texas 78626.
- Ms. Elizabeth Whited (pretrial/trial), Former Assistant District Attorney for Williamson County, 405 Martin Luther King, Georgetown, Texas 78626.
- Mr. Danny Smith (pretrial/trial), Assistant District Attorney for Williamson County, 405 Martin Luther King, Georgetown, Texas 78626.
- Mr. John C. Prezas (appeal), Assistant District Attorney for Williamson County, 405 Martin Luther King, Georgetown, Texas 78626.
- Mr. Daniel Sakaida (appeal), Intern/Special Prosecutor/Postgraduate Fellow for the Williamson County District Attorney, 405 Martin Luther King, Georgetown, Texas 78626.

<u>Attorneys for the Defendant</u>

- Mr. Daniel Wannamaker (trial), Wannamaker & Associates, P.O. Box 2271, Austin, Texas, 787681.
- Mr. Dal Ruggles (appeal), Law Offices of Dal R. Ruggles, 1103 Nueces, Austin, Texas, 78701.

<u>Defendant/Appellant</u>

- Mr. James Weatherford, TDCJ # 01953853, Middleton Unit, 13055 F.M. 3422, Abilene, Texas 79601.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ................................................ ii

IDENTIFICATION OF THE PARTIES ................................................................ ii

TABLE OF CONTENTS ................................................................................... iv

INDEX OF AUTHORITIES ................................................................................ v

ISSUE PRESENTED ......................................................................................... 1

STATEMENT OF FACTS ................................................................................... 1

SUMMARY OF THE ARGUMENT ................................................................... 2

I.   DEFENDANT CAN ONLY APPEAL HIS SENTENCE AND NOT HIS PLEA OF GUILTY ........................................................................................ 2

II.  APPELLANT'S TRIAL COUNSEL PURSUED A VALID TRIAL STRATEGY AND WAS NOT INEFFECTIVE ................................................. 4

   A. THE STANDARD ................................................................................... 4

   B. APPELLANT'S TRIAL COUNSEL PURSUED A REASONABLE TRIAL STRATEGY ...................................................................................... 6

      1. Punishment Hearing Itself Reveals Value in Trial Counsel's Strategy ..... 6

      2. Trial Counsel's Strategy of Mitigation Throughout Punishment Hearing Demonstrates Effectiveness ........................................................................... 12

   C. APPELLANT CANNOT SHOW PREJUDICE AS REQUIRED BY THE SECOND PRONG OF STRICKLAND ........................................................... 17

PRAYER ......................................................................................................... 19

CERTIFICATE OF COMPLIANCE ................................................................. 19

CERTIFICATE OF SERVICE ......................................................................... 19

# INDEX OF AUTHORITIES

### CASES

*Delrio v. State*, 840 S.W.2d 443, 445 (Tex. Crim. App. 1992)-------------- 10, 16, 23

*Ex parte Duffy*, 607 S.W.2d 507, 513 (Tex. Crim. App. 1980) ----------------------11

*Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997) -------------------- 9

*Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) --------------------10

*Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex. Crim. App. 1987)------------------------ 9

*Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) ----------------10

*Hernandez v. State*, 988 S.W.2d 770, 770 n.3 (Tex. Crim. App. 1999)-------------- 9

*Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998)--------------------10

*Kober v. State*, 988 S.W.2d 230, 232 (Tex. Crim. App. 1999) ----------------------- 9

*Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003)----------------10

*Shaffer v. State*, 769 S.W.2d 943, 944 (Tex. Crim. App. 1989) ---------------------- 7

*Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009)-----------------------10

*State ex rel. Turner v. McDonald*, 676 S.W.2d 371 (Tex. Crim. App. 1984)),
    modified by 780 S.W.2d 801 (Tex. Crim. App. 1989)------------------------------ 8

*Strickland v. Washington*, 466 U.S. 668 (1984) ------------------------------- 9, 10, 23

*Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) ------------------9, 10

*Vasquez v. State*, 830 S.W.2d 948, 950-51 (Tex. Crim. App. 1992)----------------17

*Young v. State*, 991 S.W.2d 835, 837-838 (Tex. Crim. App. 1999) ----------------17

### STATUTES

Tex. Code. Crim. Proc. Art. 42.12 Sec. 4, Sec. 5 --------------------------------------11

TO THE HONORABLE COURT OF APPEALS:

## ISSUE PRESENTED

Did Appellant's trial counsel provide effective assistance of counsel in pursuing a trial strategy of advising Appellant to accept a plea agreement as to his guilt, leaving open the possibility of deferred adjudication, not offered by the State prior to trial, avoiding having a jury determine guilt or punishment, and instead engaging in a contested punishment hearing wherein said counsel sought to mitigate the State's case and minimize the punishment Appellant received?

## STATEMENT OF FACTS

The State offers the following facts to supplement, correct, and provide context as necessary to the statement of facts contained in Appellant's brief:

The State's offer prior to trial was two 20 year sentences to run consecutively. R.R. vol. 3 p. 29, 37. Appellant rejected this offer, pled guilty to the charges herein, elected to have the trial court set the punishment, and proceeded to a contested punishment hearing. R.R. vol. 4. As part of trial counsel's negotiation with the State, trial counsel convinced the State they lacked sufficient evidence for Count 1 herein and the State dismissed or abandoned that Count. R.R. vol. 4 p. 24-25. Further the prosecutors had evidence of over 25,000 images but only alleged those contained in this cause and in cause 12-0465-K277. R.R. vol. 4 p.29-30. C.R. p. 5-16.

The court reserved any actual finding of guilt until the conclusion of the punishment hearing, leaving open the possibility of a sentence of deferred adjudication. R.R. vol. 4 p. 31-32, R.R. vol. 6 p. 108. At the conclusion of the punishment hearing, the trial court sentenced Appellant to three 20 year sentences to run consecutively and 46 five-year sentences to run concurrently with the 20 year sentences. RR. vol. 6 p. 109-110.

## SUMMARY OF THE ARGUMENT

### I. DEFENDANT CAN ONLY APPEAL HIS SENTENCE AND NOT HIS PLEA OF GUILTY

Appellant pled guilty to without an agreement as to any cap on the range of punishment, waived the jury trial for which he was set, and elected to have the court set punishment. R.R. vol. 4 p. 5-6, 8. However, the State clearly waived its right to demand a jury trial as to the guilt-innocence, because that is a necessary requirement to proceed, as the case clearly did, to a punishment phase before the court wherein the court was able to defer any finding of guilt, leaving open the possibility of deferred adjudication. *See, e.g., Shaffer v. State*, 769 S.W.2d 943, 944 (Tex. Crim. App. 1989) (citing *State ex rel. Turner v. McDonald*, 676 S.W.2d 371 (Tex. Crim. App. 1984)), modified by 780 S.W.2d 801 (Tex. Crim. App.

2

1989) (A defendant's right to waive a jury depends on the State's consent to that waiver. This requirement protects the State's right to insist on a jury trial even if a defendant wishes to waive a jury).

The record reflects that the State, Appellant, and the trial court all agreed that Appellant had waived any right to appeal his determination of guilt and was retaining only his ability to appeal his sentence. R.R. vol. 4 p. 30-31. C.R. p. 109, Tex. R. App. Proc. 25.2(a)(2), (d). This can be true only because Appellant and the State agreed that the State would waive its right to require a jury and preclude deferred adjudication in consideration of Appellant entering his pleas of guilty. In fact, at the plea proceeding the State made sure the court deferred a finding of guilt to ensure the integrity of this agreement. R.R. vol. 4 p. 32-33.

Because Appellant accepted this agreement, Appellant benefitted from it as described above, his trial counsel's strategy depended a great deal on the agreement as described in subsection B below, and both Appellant and the State relied upon this agreement, Appellant has waived his right to appeal the finding of guilt herein and his notice of appeal should be construed as applying only to the punishment phase of his trial.

## II. APPELLANT'S TRIAL COUNSEL PURSUED A VALID TRIAL STRATEGY AND WAS NOT INEFFECTIVE

### A. THE STANDARD

Texas has adopted the *Strickland* standard for cases involving allegations of constitutionally ineffective assistance of counsel. *See Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex. Crim. App. 1987); *Strickland v. Washington*, 466 U.S. 668 (1984). This standard requires that Appellant prove both i) that counsel's conduct was deficient as falling below an objective standard of reasonableness, and ii) prejudice, that there is a "reasonable probability" the result of the trial would have been different but for counsel's deficient performance. *Hernandez v. State*, 988 S.W.2d 770, 770 n.3 (Tex. Crim. App. 1999). Specifically, when a defendant is claiming ineffective assistance of counsel that has induced him to enter a plea of guilty, the Strickland standard requires the defendant to show a reasonable probability that "but for defense counsel's errors," the defendant "would not have pleaded guilty and would have insisted on going to trial." *Kober v. State*, 988 S.W.2d 230, 232 (Tex. Crim. App. 1999); *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997).

An appellate court should review the totality of an attorney's representation, and the particular circumstances of each case in evaluating such claims. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Judicial scrutiny of trial

4

counsel's decisions is "highly deferential," and must include a strong presumption that trial counsel made all significant decisions in the exercise of a reasonable trial strategy, and the Appellant must overcome this presumption to establish a claim of ineffective assistance of counsel. *See Delrio v. State*, 840 S.W.2d 443, 445 (Tex. Crim. App. 1992); *Strickland*, 466 U.S. at 689. A court should generally decline to find trial counsel ineffective absent an opportunity to explain his actions. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

The burden for proving an ineffective assistance of counsel claim by a preponderance of the evidence rests on the Appellant, and failure to show either prong will defeat a claim. *Thompson*, 9 S.W.3d at 813; *Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009). Naturally then, ineffective assistance of counsel is difficult to prove on direct appeal absent a hearing, such as on a Motion for New Trial, which would provide the reviewing court with a record. Indeed, the Court of Criminal Appeals has repeatedly held that the appropriate or most preferred means by which a defendant should raise a claim of ineffective assistance of counsel is by way of a post-conviction writ of habeas corpus. *See, e.g., Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003); *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) ("in most ineffective assistance claims, a writ of habeas corpus is essential to gathering the facts necessary to adequately evaluate such claims"); *Ex*

5

*parte Duffy*, 607 S.W.2d 507, 513 (Tex. Crim. App. 1980) ("Experience has taught us that in most instances where the claim of ineffective assistance of counsel is raised, the record on direct appeal is simply not in a shape, perhaps because of the very alleged ineffectiveness below, that would adequately reflect the failings of trial counsel").

## B. APPELLANT'S TRIAL COUNSEL PURSUED A REASONABLE TRIAL STRATEGY

### 1. Punishment Hearing Itself Reveals Value in Trial Counsel's Strategy

The record does not contain any direct evidence of trial counsel's strategy, but an examination of trial counsel's actions and strategic decisions throughout these proceedings makes clear that he executed a strategy from which Appellant clearly benefitted. In fact, while Appellant now takes issue with the manner in which his trial counsel conducted the punishment hearing, the very occurrence of that hearing reveals the value in trial counsel's strategy.

By advising Appellant to enter his plea in the manner that he did, Appellant obtained several tangible benefits. First, only the trial court, and not the jury, was legally capable of deferring a finding of guilt and placing Appellant on deferred adjudication community supervision. *See* Tex. Code. Crim. Proc. Art. 42.12 Sec. 4, Sec. 5. Thus, by pleading to the court in a manner in which the State waived its right to a jury trial, trial counsel made sure the prosecutors waived their ability to

6

insist on a trial and preclude Appellant from obtaining deferred adjudication supervision as a sentence.

In addition to preserving deferred adjudication as a potential sentence, trial counsel's strategy also resulted in the dismissal of one count and the decision to forgo the prosecution of further counts. Trial counsel's strategy allowed Appellant to avoid accepting the State's previous offer of stacked 20 year sentences, and left open the possibility of a lesser sentence. While Appellant did not actually receive a lesser sentence, trial counsel nonetheless pursued a strategy that left open as many sentencing options as possible in an effort to provide the best possible outcome for his client.

Further, trial counsel avoided having a jury set punishment after seeing the evidence in this case. This evidence was far more likely to shock a jury in a manner that would likely result in a harsher sentence than it was to shock a sitting judge with regular felony jurisdiction over cases of this type.

This evidence included, in part, the following:

- Videos recorded on Appellant's camera of neighbor children in bikinis or otherwise focused on children; R.R. vol. 5 p. 65, 69.

- Videos recorded on Appellant's camera of his daughter completely nude taking direction from Appellant; R.R. vol. 5 p. 69-70.

7

- Testimony from investigating officer that Appellant, by his own admission, progressed from downloading child pornography, to making child pornography, to ultimately touching a child; R.R. vol. 5 p. 73.

- The existence of background noise in some the above videos consistent with sexual gratification; R.R. vol. 5 p. 75.

- Appellant's admission to viewing thousands of images of child pornography; R.R. vol. 5 p. 49-50.

- Testimony that law enforcement discovered 25, 841 images of child pornography on Appellant's devices which they recovered and analyzed; R.R. vol. 5 p. 132.

- Testimony regarding the content of the admitted video and photographic evidence going to prove that it was in fact child pornography as alleged, including depictions of the sexual assault of young children and infants, the use of handcuffs, rope, duct tape, and other bindings to facilitate the sexual assault of young children, the use of fetish materials on children such as a dog collar, semen on the belly of an infant whose umbilical cord had not fully healed, and the anal penetration of an infant; R.R. vol. 5 p. 136-161.

- Testimony of a hidden camera Appellant set up to secretly film his own daughters, of footage obtained, and of said footage being shared via Appellant's computer; R.R. vol. 5 p. 176-178.

8

- Testimony about child pornography Appellant made of his own daughter; R.R. vol. 5 p. 168-172, 223.

- Testimony from Appellant's ex-wife and one of his daughters about the impact his activities had on them; R.R. vol. 6 p. 50-53, 60-62.

- Testimony about Appellant's online chats with other pedophiles wherein Appellant (R.R. vol. 5 p. 187-198):

  o Sends a picture of his daughter to "Chris" who comments on her 14 year old body; R.R. vol. 5 p. 187-188..

  o After being asked by Chris several times if Appellant would let someone have sex with his 14 year old daughter, Appellant says he would "if she wanted to,"; R.R. vol. 5 p. 189.

  o Admits he wants to have sex with his daughter but hasn't because he realizes it is "too risky,"; R.R. vol. 5 p.190, 196.

  o Admits seeing his naked daughter makes him horny; R.R. vol. 5 p. 189.

  o Admits he fondled his daughter's breasts while putting lotion on her sunburn; R.R. vol. 5 p.189.

  o Asks if "Chris" would "fuck" his daughter, asks for details on what "Chris" would do, and responds to that description by saying "she'd like that,"; R.R. vol. 5 p. 196-197.

9

- Admits that he enjoys showing males his daughter's naked body and knowing they masturbate to her because "its like letting them fuck her,"; R.R. vol. 5 p. 189.

- Asks for picture of "Chris" ejaculating on the picture of Appellant's daughter that Appellant previously sent to "Chris,"; R.R. vol. 5 p. 189, 197-198.

  - Receipt of said picture; R.R. vol. 5 p. 201;

- Admits that he planned to take more photos of his daughter, but is limited by the fact that his daughter lives with her mom because Appellant and her mom are divorced; R.R. vol. 5 p. 198.

- Seeks to trade child pornography offering to trade pictures he has for pictures of 8-10 year old girls; R.R. vol. 5 p.198.

- Testimony that Appellant's collection of child pornography included the image of a child victim who resided in Williamson County and whose identity was verified via the National Center for Missing and Exploited Children; R.R. vol. 5 p. 229-234.

Moreover, by advising Appellant to bypass a jury trial and proceed directly to the punishment phase, Appellant relieved prosecutors of their burden to prove his guilt. This allowed the State to only put on evidence they felt went directly to

10

punishment, rather than presenting a more fully developed case with a great deal more evidence likely to inflame a jury against Appellant. The State's response to trial counsel's motion for directed verdict makes clear that the State engaged in just this strategy in presenting their evidence. R.R. vol. 82-83.

Essentially, Appellant faced a choice, either (A) plead not guilty, have the State insist on a jury trial, obtain the ability to contest the promotion allegations and seek a directed verdict, but lose the possibility of obtaining deferred adjudication, or (B) retain that possibility but lose the ability to further contest guilt, lose the ability to appeal that finding of guilt, and lose the ability to seek a directed verdict. Trial counsel advised and Appellant chose the latter option.

Trial counsel still used the request for a directed verdict, however inapplicable, to try to mitigate his client's punishment by attempting to persuade the trial court to question the State's portrayal of Appellant. Consistent with the standard set in *Strickland*, this Court should presume that trial counsel was in a better position than this Court to make pragmatic judgments of this particular case and, "that he made all significant decisions in the exercise of reasonable professional judgment." *Delrio v. State*, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992).

Thus, despite the lack of any direct articulation in the record of trial counsel's strategy, the benefits Appellant received from that strategy are evident.

11

These benefits make clear that counsel's strategy was reasonable. And the law is clear that where the record lacks evidence of counsel's strategy, courts are unable to second guess counsel's tactical decisions so long as they do not fall below the objective standard of reasonableness. *See Young v. State*, 991 S.W.2d 835, 837-838 (Tex. Crim. App. 1999); *Vasquez v. State*, 830 S.W.2d 948, 950-51 (Tex. Crim. App. 1992). Thus, Appellant has not met his burden to show that his trial counsel was ineffective.

### 2. Trial Counsel's Strategy of Mitigation Throughout Punishment Hearing Demonstrates Effectiveness

Appellant now takes issue with the objections made by his trial counsel, arguing that those objections in isolation entitle him to relief. However, the record as a whole demonstrates trial counsel's vigorous attempts to mitigate Appellant's punishment. Further, the record shows, contrary to Appellant's assertion, that trial counsel's strategy was to mitigate the punishment rather than to argue the sufficiency of the evidence. Trial counsel's objections as to what he viewed as extraneous evidence and his request for a directed verdict, as technically ill-advised as they may well have been, fit the context of the entire defensive strategy of seeking yet another legal mechanism within which to present arguments aimed at mitigation of punishment.

First, trial counsel made several valid objections demonstrating mastery of the law sufficient (1) for the trial court to sustain, evidence some agreement with, or engage in a thoughtful analysis before overruling, or (2) for the State to concede, withdraw the question, or rephrase the question. R.R. vol. 5 p. 58-59, 71, 74-75, 181-186, 231-233; R.R. vol. 6 p. 7, 8, 28-29, 30, 45, 49, 56,

Second, trial counsel made several efforts to mitigate and to raise doubts in the mind of the trial judge regarding the extent of Appellant's culpability. In addition to efforts documented above and below, these included direct statements, comments, and objections containing advocacy as well the legal basis for the objections (often colloquially referred to as a "speaking objection"). *See, e.g.,* R.R. vol. 3, p. 6-7, 9-10, 14, 15, 28-29, vol. 5 p. 73.

Third, trial counsel made numerous points during cross examination calculated towards mitigating Appellant's punishment, including the following:

- Pointing out how quickly law enforcement focused on Appellant as opposed to other occupants of the house; R.R. vol. 5 p. 75-78.

- Emphasizing Appellant's cooperation with law enforcement as context for Appellant's admissions; R.R. vol. 5 p. 80.

- Questioning the thoroughness of the search and questioning the manner in which the evidence was found; R.R. vol. 5 p. 81-86.

13

- Establishing Appellant had adult pornography and arguing that child pornography can be obtained from attempts to download adult pornography; R.R. vol. 5 p. 86-87, 91-92.

- Attempting to mitigate the contents of a video made of Appellant's daughter; R.R. vol. 5 p. 93-94.

- Establishing the lack of any direct evidence of sexual assault or inappropriate touching; R.R. vol. 5 p. 96-96.

- Establishing expert can't tie a particular indicted image to a particular machine; R.R. vol. 5 p. 207-208.

- Establishing expert can't testify as to who was using the computer or the media on which the child pornography was found; R.R. vol. 5 p. 208-209.

- Establishing that Appellant is not visible in any of the child pornography found; R.R. vol. 5 p. 209-210.

- Establishing that Appellant also had legal adult pornography on his computer; R.R. vol. 5 p. 210-211.

- Establishing that images can be on a computer that the computer owner hasn't viewed and that the testifying expert could not testify that Appellant had looked at any of the indicted images; R.R. vol. 5 p. 213.

- Attempting to mitigate one of the videos taken of Appellant's daughter; R.R. vol. 5 p. 215.

- Attempting to establish that none of the videos made of Appellant's daughters were shared; R.R. vol. 5 p. 216.

- Establishing that none of said videos contain images of Appellant exposing himself; R.R. vol. 5 p. 216-217.

- Attempting to mitigate earlier testimony regarding Appellant having touched himself while filming his daughter; R.R. vol. 5 p. 217-218.

- Establishing all the programs available to the court for treating Appellant if placed on community supervision; R.R. vol. 5 p. 254-258.

- Obtaining expert's agreement that participation in programs while incarcerated is a positive sign towards ability to be rehabilitated and setting up exhibits of same trial counsel got admitted into evidence; R.R. vol. 5 p. 258-262 and vol. 6 p. 62-66.

- Establishing mitigating factors in Appellant's favor, establishing that sex offenders can be treated, and presenting Appellant's admission of guilt as a positive factor in favor of rehabilitation; R.R. vol. 5 p. 262-264.

Fourth, trial counsel presented mitigating argument and took procedural steps to effectively represent Appellant at the pre-trial hearing held on July 10, 2014. At that hearing, Appellant sought rulings on important pre-trial motions, urged compliance with previous discovery orders, requested new discovery related

orders, requested and argued for a motion to suppress evidence, argued and was granted motions in limine, argued for more time to conduct discovery, and argued about his ability to comply with the State's request for disclosure of defense experts. R.R. vol. 3.

Fifth, trial counsel presented the testimony of Terry Bonn, a survivor of sexual abuse as a child and Appellant's older sister. R.R. vol. 6 p. 68-78. Ms. Bonn testified that she was aware of the nature of the charges against Appellant, still supported him, and was willing to help Appellant get re-acclimated to society if the trial court placed him on community supervision. *Id.*

Finally, all of trial counsel's efforts, discussed above, were clearly calculated to set up his closing remarks to the judge, which further demonstrated his strategy of mitigation when he argued the following (R.R. vol. p. 88-95):

- Appellants criminal activity was decreasing,

- Lack of evidence Appellant actually viewed the child pornography he possessed,

- Appellant has a sex addiction that would respond well to treatment,

- How unlikely Appellant is to obtain parole,

- Lack of evidence of actual molestation, and

- Harm Appellant had already suffered at the time of the punishment hearing including incarceration for more than two years, loss of house, loss of job, loss of wife, and loss of money.

Trial counsel reminded the court of the requirement of registration as a sex offender upon a finding of guilt and urged the court to sentence Appellant to deferred adjudication, probation, or a low sentence. R.R. vol. 6 p. 95. This makes clear that throughout the proceedings, trial counsel had the strategy of leaving open the possibility of deferred adjudication, seeking to mitigate the State's case, and seeking to establish Appellant's eligibility and likely success on such deferred adjudication supervision.

## C. APPELLANT CANNOT SHOW PREJUDICE AS REQUIRED BY THE SECOND PRONG OF STRICKLAND

Given the benefits discussed above from the plea agreement he entered, the efforts trial counsel made to mitigate and frame the evidence presented, and the disturbing evidence presented at his punishment hearing, Appellant cannot meet his burden of showing a reasonable probability that the outcome of his trial would have been different but for his trial counsel's strategy. Appellant has not shown that different counsel would have better mitigated the very damaging nature of the evidence presented. In fact, given the nature of that evidence and the benefits

Appellant received, he might have had a stronger argument regarding his counsel's performance if his trial counsel had proceeded in accordance with the complaint he has now made and allowed a jury to hear and view all of said evidence.

Because the record in this case does not support Appellant's claims, and the facts in the record as it currently stands would in fact tend to show the opposite, he has not disrupted the "highly deferential" strong presumption that his trial counsel made all significant decisions in the exercise of a reasonable trial strategy. *See Delrio v. State*, 840 S.W.2d 443, 445 (Tex. Crim. App. 1992); *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Therefore, Appellant has not met his burden to show ineffective assistance of counsel, and his claims must fail on direct appeal.

## PRAYER

Wherefore, the State respectfully requests that this Court affirm the conviction and all other relief as this Court deems necessary and proper.

Respectfully submitted,

**Jana Duty**
District Attorney
Williamson County, Texas

/s/ John C. Prezas
**John C. Prezas**
State Bar No: 24041722
Assistant District Attorney
405 Martin Luther King, Box 1
Georgetown, Texas 78626
(512) 943-1234
(512) 943-1255 (fax)
jprezas@wilco.org

## CERTIFICATE OF COMPLIANCE

I certify that, after allowable exclusions, the State's brief contains 3,777 words in compliance with Rule 9.4 of the Texas rules of Appellate Procedure.

/s/ John C. Prezas
John C. Prezas

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2015, I electronically filed the foregoing document with the clerk of the court for the Texas Court of Criminal Appeals, using the efile.txcourts.gov system. Via that system, a "Notice of Electronic Filing" was sent to Appellee's appellate attorney of record, Dal Ruggles at dal@ruggleslaw.com. A copy was also sent by certified mail directly to Appellant, James Weatherford, TDCJ # 01953853, Middleton Unit, 13055 F.M. 3422, Abilene, Texas 79601.

/s/ John C. Prezas
JOHN C. PREZAS