**Affirmed and Plurality Opinion and Two Concurring Opinions filed January 30, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00568-CR

### EX PARTE DAVID WILLIAMS, Appellant

**On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 89988-WR**

## C O N C U R R I N G   O P I N I O N

I concur in the court's judgment and in the plurality's conclusion that *Ex parte Baltimore*, a binding precedent from the Court of Criminal Appeals, mandates affirmance of the trial court's ruling.[1] The plurality pronounces that *Ex parte Baltimore* was "wrongly decided."[2] Because that determination goes beyond this court's purview,[3] I respectfully decline to join the plurality opinion.[4]

---

[1] *See* 616 S.W.2d 205, 206–07 (Tex. Crim. App. [Panel Op.] 1981).

[2] *Ante* at 3.

[3] *See Ex parte Roldan*, 418 S.W.3d 143, 146 n.2 (Tex. App.—Houston [14th Dist.] 2013, no pet.)

Under principles of vertical stare decisis, in criminal cases, Texas intermediate courts of appeals must follow on-point decisions from the Court of Criminal Appeals even if individual members of the intermediate court disagree with the precedent.[5]   Rather than adjudge and pronounce high-court precedent "wrongly decided," a better option for those members is to use separate judicial writings to make the case for jurisprudential change.   Through concurring opinions, justices can identify deficiencies in precedent, explain why another approach might better serve the interests in play, and respectfully urge the high court to revisit the issue and perhaps abrogate the precedent.[6] This approach keeps the focus on effecting positive change, promotes collegiality within the judiciary, and holds greater promise for furthering the development of the state's jurisprudence.


/s/     Kem Thompson Frost
         Chief Justice


Panel consists of Chief Justice Frost and Justices Bourliot and Poissant.  (Bourliot, J., plurality) (Poissant, J., concurring).

Publish — TEX. R. APP. P. 47.2(b).

---

(stating that "[i]t is clearly beyond our purview to decide that the Court of Criminal Appeals 'wrongly decided' a case"); *accord Garcia v. State*, 246 S.W.3d 121, 142 (Tex. App.—San Antonio 2007, pet. ref'd).

[4] *See Ex parte Roldan*, 418 S.W.3d at 146 n.2; *Garcia*, 246 S.W.3d at 142.

[5] *See State of Texas ex rel. Vance v. Clawson*, 465 S.W.2d 164, 168 (Tex. Crim. App. 1971).

[6] *See, e.g.*, *Williams v. State*, 960 S.W.2d 758, 760–62 (Tex. App.—Houston [1st Dist.] 1997, pet. dism'd) (Taft, J., concurring) (author of majority opinion also filed a concurring opinion in which he pointed out deficiencies in a high-court precedent and respectfully urged the Court of Criminal Appeals to reconsider its decision); *Shaffer v. State*, 769 S.W.2d 945, 947–49 (Tex. App.—Tyler 1988) (Colley, J., concurring) (pointing out deficiencies in a high court precedent and respectfully urging the Court of Criminal to abrogate the prior precedent), *rev'd*, 769 S.W.2d 943 (Tex. Crim. App. 1989).